E-filing

ORIGINAL
FILED
MAY 2 4 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF COURT
OAKLAND OF CALIFORNIA

1  STEPHEN M. HAYES (SBN 83583)
   STEPHEN P. ELLINGSON (SBN 136505)
2  JAMIE A. RADACK (SBN 221000)
   HAYES DAVIS BONINO ELLINGSON McLAY & SCOTT, LLP
3  203 Redwood Shores Pkwy., Suite 480
   Redwood City, CA 94065
4  Telephone: 650.637.9100
   Facsimile: 650.637.8071
5
   Attorney for Defendant
6  STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
7
8                    UNITED STATES DISTRICT COURT                    ADR
9                 NORTHERN DISTRICT OF CALIFORNIA
10 JAMES BROWN,                          CASE NO. C07-02743
11           Plaintiff,                  STATE FARM MUTUAL AUTOMOBILE
                                         INSURANCE COMPANY'S NOTICE OF
12 v.                                    REMOVAL OF CIVIL ACTION UNDER
                                         28 U.S.C. SECTIONS 1332 AND 1441(a)
13 STATE FARM MUTUAL AUTOMOBILE          [DIVERSITY JURISDICTION];
   INSURANCE COMPANY; and DOES 1         DEMAND FOR JURY TRIAL
14 through 25, inclusive,
15           Defendants.
16
17         TO THE CLERK OF THE ABOVE-ENTITLED COURT:
18         PLEASE TAKE NOTICE that defendant STATE FARM MUTUAL AUTOMOBILE
   INSURANCE COMPANY (hereinafter "State Farm") hereby removes to this Court the state action
19 described below:
20         1.   State Farm is a defendant in the civil action commenced on January 5, 2007 in the
21              Superior Court of the State of California, County of Alameda, Case No.
22              RG07304927, entitled Brown v. State Farm Mutual Automobile Insurance Company.
23         2.   State Farm was served with a copy of the complaint on or about January 30, 2007. A
24              true and correct copy of the Complaint is attached hereto as Exhibit "1" and is
25              incorporated as part of this notice. The Complaint did not allege sufficient
26              information to support diversity jurisdiction and, for that reason, was not removable.
27              Specifically, consistent with California Code of Civil Procedure section 425.10(b),
28

138493                                  -1-

1    the Complaint did not allege the amount of any damages that would establish the

2    amount in controversy exceeded $75,000. As such, the initial Complaint was not

3    removable within the meaning of 28 U.S.C. § 1446(b).

4    3.    Attached hereto as Exhibit "2" is a true and correct copy of the First Amended

5    Complaint, which was filed on February 9, 2007. The First Amended Complaint

6    also did not allege the amount of any damages that would establish the amount in

7    controversy exceeded $75,000. As such, the First Amended Complaint did not

8    disclose this matter was removable within the meaning of 28 U.S.C. § 1446(b).

9    4.    State Farm filed an answer to the First Amended Complaint on March 27, 2007.

10    Attached hereto as Exhibit "3" is a true and correct copy of State Farm's answer.

11    5.    State Farm propounded written discovery, including Cal. Judicial Council Form

12    Interrogatories, Special Interrogatories and a Request for Statement of Damages. On

13    May 21, 2007 State Farm received responses to these written discovery items.

14    Plaintiff's responses to discovery establish the amount in controversy exceeds

15    $75,000. Since plaintiff's Complaint and First Amended Complaint were not

16    removable because they did not provide sufficient information to establish diversity

17    jurisdiction, plaintiff's responses to discovery on May 21, 2007 constituted State

18    Farm's first receipt of any "paper" from which State Farm could ascertain that the

19    case was removable within the meaning of 28 U.S.C. § 1446(b). (*Bosky v. Kroger*

20    *Texas, LP* (5th Cir. 2002) 288 F.3d 208, 211-212; *Chapman v. Powermatic, Inc.* (5th

21    Cir. 1992) 969 F.2d 160, 164.)

22    6.    Plaintiff's discovery responses establish the amount in controversy exceeds $75,000

23    based on the nature and amount of damages claimed. Attached hereto as "Exhibit 4"

24    and "Exhibit 5" are true and correct copies of State Farm's Form Interrogatories, Set

25    One and plaintiff's responses. Attached hereto as "Exhibit 6" and "Exhibit 7" are

26    true and correct copies of State Farm's Special Interrogatories, Set One and

27    plaintiff's responses. Attached hereto as "Exhibit 8" and "Exhibit 9" are true and

28    correct copies of State Farm's Request for Statement of Damages and plaintiff's

-2-

response.

7.    The fact that the amount in controversy exceeds $75,000 is established by plaintiff's discovery responses and allegations in the Complaint and First Amended Complaint. Plaintiff claims $42,000 as the value of his claim that State Farm has not paid allegedly in breach of the insurance contract. (Exhibits 4 and 5, response to interrogatory 7.1; Exhibits 8 and 9, Statement of Damages item no. 6.) Plaintiff claims general damages "in excess of" $25,000. (Exhibits 8 and 9, Statement of Damages item no. 7.) These discovery responses specifically itemize damages totaling $67,000. Plaintiff also alleges entitlement to attorney fees as an element of his special damages on a theory that plaintiff incurred these so-called *Brandt* fees to recover unreasonably withheld policy benefits. *Brandt v. Superior Court*, 37 Cal.3d 813 (1985). Complaint, Prayer for Relief, Item No. 4. This claim for attorneys fees as damages totals at least $14,000 if plaintiff's counsel has a contingency fee contract (33% of $42,000) and would far exceed that amount if plaintiff's counsel has an hourly fee agreement. Thus plaintiff's claimed damages total at least $81,000.

8.    Additionally, plaintiff asserts a claim for punitive damages. The prayer for punitive damages is based on an alleged course of conduct from which one can infer the punitive damage claim alone exceeds $75,000. These allegations in and of themselves establish the amount in controversy exceeds $75,000.

9.    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one that may be removed to this Court by State Farm pursuant to the provisions of 28 U.S.C. section 1441, subdivision (a), in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs, and is between citizens of different states.

10.    At the time of the commencement of this action, and at all times since, State Farm has been, and still is, a corporation of the State of Illinois, being incorporated under the laws of Illinois, and has had and continues to have its principal place of business

138493

-3-

1    in Illinois. Plaintiff James Brown has been and continues to be a citizen of the State

2    of California, having been a resident of the State of California.

3    11.    This action was brought in the State of California. This corporate defendant is not,

4    at the time of the institution of this action, and is not now, a corporation incorporated

5    under the laws of the State of California, and does not have at the time of the

6    institution of this action, and does not have now, its principal place of business in

7    California.

8    12.

9    ## DEMAND FOR JURY TRIAL

10    STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY hereby demands a

11    trial by jury.

12

13    Dated: May 23, 2007            HAYES DAVIS BONINO ELLINGSON

14                                   McLAY & SCOTT, LLP

15

16    By _____

                                   STEPHEN M. HAYES

17                                   STEPHEN P. ELLINGSON
                                   JAMIE A. RADACK

18                                   Attorneys for Defendant
                                   STATE FARM MUTUAL AUTOMOBILE

19                                   INSURANCE COMPANY

20

21

22

23

24

25

26

27

28

138493                          -4-

STATE FARM'S NOTICE OF REMOVAL OF STATE ACTION UNDER 28 U.S.C. SECTIONS 1332 AND 1441(a)
[DIVERSITY JURISDICTION]; DEMAND FOR JURY TRIAL

# EXHIBIT 1

ENDORSED
FILED
ALAMEDA COUNTY

JAN 0 5 2007

CLERK OF THE SUPERIOR COURT
By _____ T. WOOD
                           Deputy

1  JOHN T. BELL, SBN 209941
2  Law Offices of John T. Bell
   610-16th Street, Suite 421
3  Oakland, CA 94612
   TEL: 510-444-4638
4  FAX: 510-444-4019

5

6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                COUNTY OF ALAMEDA-UNLIMITED JURISDICTION

10                      Rene C. Davidsa

|  |  |  |
|---|---|---|
| JAMES BROWN | ) | Case No.  RG07304927 |
| Plaintiff, | ) | COMPLAINT FOR DAMAGES: |
| vs. | ) | BREACH OF CONTRACT, |
| STATE FARM GENERAL INSURANCE | ) | BREACH OF DUTY OF GOOD |
| COMPANY AND DOES 1 through 25 | ) | FAITH AND FAIR DEALING, |
| INCLUSIVE, | ) | INTENTIONAL INFLICTION OF |
| Defendants. | ) | EMOTIONAL DISTRESS, |
|  | ) | NEGLIGENT INFLICTION OF |
|  | ) | EMOTIONAL DISTRESS, AND |
|  | ) | DEMAND FOR JURY TRIAL |
|  | ) |  |
|  | ) |  |

19  COMES NOW Plaintiff, JAMES BROWN ("PLAINTIFF"), alleges as follows:

20                              INTRODUCTION

21      1.      PLAINTIFF at all times herein mentioned was, and is, a resident of the state of

22  California.

23      2.      PLAINTIFF is informed and believes, and on that basis alleges, that defendant

24  STATE FARM GERNEAL INSURANCE COMPANY at all times herein relevant was, and now

25

26  is, a corporation licensed to do business and actually doing business as an insurer and issuing

27  insurance policies in the state of California.

28

COMPLAINT FOR DAMAGES: BREACH OF CONTRACT, BREACH OF DUTY OF GOOD FAITH AND
FAIR DEALING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT INFLICTION
OF EMOTIONAL DISTRESS; AND DEMAND FOR JURY TRIAL

3.      The true names or capacities, whether individual, corporate, associate or otherwise, of defendants names herein as DOES 1 through 25, inclusive, are unknown to plaintiff at this time, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and therefore alleges that each if the defendants designated herein by fictitious name is in some manner responsible for the events and happenings herein referred to, and caused damages proximately and foreseeably thereby to plaintiff as hereinafter alleged. Plaintiff asks leave of Court to amend this Complaint when the true names and capacities have been ascertained.

4.      That at all times herein mentioned, each and every defendant herein was the agent, servant, employee, partner of joint venturer of the other defendants herein; that at all times, each of said defendants was acting within the course and scope of said agency, service, employment, partnership or joint venture.

## GENERAL ALLEGATIONS

5.      Prior to May 3, 2006, PLAINTIFF entered into a written contract of insurance in Alameda County, California with defendants, STATE FARM GENERAL INSURANCE COMPANY and DOES 1 thru 25, (collectively" DEFANDANTS").

6.      Each year, up to and including the present time, defendant STATE FARM GENERAL INSURANCE COMPANY reissued the Policy to PLAINTIFF.  Said contract was assigned a policy number of 0994048B

7.      At the time of the filing of this Complaint, PLAINTIFF does not possess a copy of said contract. However, PLAINTIFF anticipates that he will obtain a copy of said contract through the discovery process.

2

COMPLAINT FOR DAMAGES: BREACH OF CONTRACT, BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; AND DEMAND FOR JURY TRIAL

1
2  8.  Among other things, the Policy provided full coverage insurance for a 2004
3 Harley Davidson Road King motorcycle, VIN 1HD1FBW324Y727307.
4
5  9.  On or about May 3, 2006 while the above reference insurance policy was in full
6 force and effect, the aforementioned motorcycle was stolen.
7  10.  On or about May 4, 2006, PLAINTIFF opened a claim with the defendants for
8 policy benefits.
9
          **FIRST CAUSE OF ACTION**
10       (Breach of Contract Against All Defendants)
11  11.  PLAINTIFF incorporates by reference each and every allegation of the
12 Complaint as though set forth in this cause of action.
13
14  12.  On or about May 4, 2006, PLAINTIFF made a claim for insurance benefits under
15 the State Farm insurance policy for loss of his stolen motorcycle.
16  13.  From the date that PLAINTIFF opened a claim with the defendants, the
17 defendants and each of them breached the terms and provisions of the insurance policy identified
18 herein by not attempting to settle PLAINTIFF'S claim, never returning PLAINTIFF'S telephone
19 calls regarding the status of his claim, and refusing to timely provide policy benefits.
20
21  14.  PLANITIFF has performed all of the terms and conditions of the policy and has
22 performed all obligations under said insurance policy on PLAINTIFF'S part to be performed.
23  15.  As a proximate result of defendants' breach of insurance contract as alleged
24 herein, plaintiff has been damaged in a sum in excess of the jurisdiction of this court, plus
25 interest, including prejudgment interest, from on or about May 3, 2006, to present, in an amount
26 to be proven at trial.
27
28

            3

COMPLAINT FOR DAMAGES: BREACH OF CONTRACT, BREACH OF DUTY OF GOOD FAITH AND
FAIR DEALING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT INFLICTION
OF EMOTIONAL DISTRESS; AND DEMAND FOR JURY TRIAL

1    WHEREFORE, PLAINTIFF prays for judgment against defendants, STATE FARM

2    GENERAL INSURANCE COMPANY and DOES 1 thru 25 and each of them, as hereinafter set

3    forth below.

4

5
### SECOND CAUSE OF ACTION
(Breach of the Implied Covenant of Good Faith and Fair Dealing
6    Against All Defendants)

7    As and for a separate and distinct Second Cause of Action, PLAINTIFF complains

8    against defendants, STATE FARM GENERAL INSURANCE COMPANY and DOES 1 thru 25

9    as follows.

10
11    16.    PLAINTIFF incorporates by reference each and every allegation of the Complaint

12    as though set forth in this cause of action.

13    17.    At all times herein relevant, said defendants agreed to act in good faith and deal

14    fairly with said plaintiff in all matters related to the policy, and insurance claims arising from

15    losses covered under the insurance policy.

16
17    18.    Said defendants assumed a special relationship with, and fiduciary obligations to,

18    and agreed to abide by the duties commensurate with these obligations. Nevertheless, said

19    defendants refused and failed to act in good faith and deal fairly with plaintiff, and breached said

20    obligations, as set forth more particularly below.

21    19.    Said defendants engaged and continued to engage in an unreasonable course of

22    conduct to further their economic interests in violation if their contractual and fiduciary
23
24    obligations to plaintiff, including but not limited to:

25    (a) Unreasonable and bad faith failure to make a full and fair settlement of plaintiff's loss

26    property claim:

27

28
---
4

COMPLAINT FOR DAMAGES: BREACH OF CONTRACT, BREACH OF DUTY OF GOOD FAITH AND
FAIR DEALING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT INFLICTION
OF EMOTIONAL DISTRESS; AND DEMAND FOR JURY TRIAL

1    (b) Unreasonable misrepresentation to plaintiff pertinent facts related to insurance

2    coverage and no attempts to settle plaintiff's claim under said policy;

3    (c) Bad faith failure to reasonably and promptly investigate, adjust, and process

4    plaintiff's claim for damage;

5

6    (d) Not attempting in good faith to effectuate a prompt, fair and equitable settlement of

7    plaintiff's claim fro damage;

8    (e) Unreasonable refusal to place the financial interest of plaintiff on an equal par with

9    defendants' own financial interests;

10    (f) Other wrongful and illegal conduct according to proof at trial; and,

11

12    (g) Intentional and willful deprivation of plaintiff of insurance benefits to which plaintiff

13    was entitled to under the insurance policy without making a full and complete investigation with

14    regard to the damages suffered by plaintiff; was intended by defendants to cause injury to the

15    plaintiff in that despite the fact that defendants had proof of the damage, they failed to engage in

16    settlement negotiations with PLAINTIFF. Such conduct by the defendants was carried on with a

17

18    conscious disregard of the rights of plaintiff.

19    20.    As a direct and proximate result of the aforementioned conduct of defendants,

20    and each of them, plaintiff have suffered mental and motional distress, including but not limited

21    to, frustration, depression, nervousness and anxiety, and have thereby incurred general damages

22    in a sum in excess of he jurisdiction of this Court, all to be determined at the time of trial.

23

24    21.    As a further direct and proximate result of defendants' breach of the duty of good

25    faith and fair dealing as alleged herein, plaintiff has bee damaged in a sum in excess of the

26    jurisdiction of this court, plus interest, all in amount to be determined at time of trial.

27

28

---

5

COMPLAINT FOR DAMAGES: BREACH OF CONTRACT, BREACH OF DUTY OF GOOD FAITH AND
FAIR DEALING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT INFLICTION
OF EMOTIONAL DISTRESS; AND DEMAND FOR JURY TRIAL

22.    As a further direct and proximate result of aforementioned conduct of defendants, and each of them, plaintiff have suffered special damages in an amount according to proof at the time of the trial, from the lack of availability of said sums to him.

23.    As a further proximate result of the unreasonable conduct of the defendants, plaintiff was compelled to retain legal counsel to obtain the benefits due under the policy. Therefore, defendants are liable to plaintiff for those costs of suit and attorneys' fees reasonably necessary and incurred by plaintiff in order to obtain the policy benefits in an amount to be determined as the time of trial.

24.    The acts alleged were part of defendants' and each of them, inclusive, ordinary business practice designed to keep from paying policy benefits which were and legitimately owed to the plaintiff in order to increase the defendants' profits. In doing so, and in doing the acts set forth above, the defendants acted despicably, willfully, wantonly, oppressively, fraudulently and/or in conscious disregard of the plaintiff's rights.

25.    PLAINTIFF therefore seeks exemplary damages in a sum to be set by the jury in an amount sufficient to punish the defendants and to be certain that they never again perpetrate such evils upon Policyholders.

WHEREFORE, PLAINTIFF prays for judgment against defendants, STATE FARM GENERAL INSURANCE COMPANY, and DOES 1 through 25, and each of them, as hereinafter set forth below.

\\\

\\\

\\\

\\\

6

COMPLAINT FOR DAMAGES: BREACH OF CONTRACT, BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; AND DEMAND FOR JURY TRIAL

**THIRD CAUSE OF ACTION**
(Intentional Infliction of Emotional Distress Against All Defendants

As and for a separate and distinct Third Cause of Action, PLAINTIFF complains against defendants, STATE FARM GENERAL INSURANCE COMPANY, and DOES I through 25, and each of them as follows.

26.    PLAINTIFF incorporates by reference each and every allegation of the Complaint as though set forth in this cause of action.

27.    Defendants' conduct in failing to timely provide insurance benefits to plaintiff as set forth hereinabove, was intentional and malicious and placed defendants' financial interests above the interests of the plaintiff.

28.    Defendants' conduct was done with knowledge that plaintiff's emotional and physical distress would thereby increase, and was done in wanton and reckless disregard with the consequences to the plaintiff.

29.    As a proximate result to the aforementioned acts, the plaintiff has suffered extreme humiliation, serious and severe mental anguish and emotional and physical distress and has been injured in mind and body all to his damage in an amount according to proof as the time of trial.

30.    Defendants' conduct of intentionally and willfully defrauding plaintiff and depriving plaintiff of the benefits from the policy and insurance benefits to which plaintiff was entitled were intended by defendants to cause injury to he plaintiff. Such conduct by the defendants was carried on with a conscious disregard of the rights of plaintiff. Plaintiff's loss was and is substantial. Such conduct on the part of defendants constitutes outrageous conduct for which plaintiffs is entitled to damages, since defendants' conduct was intentional, extreme and willful.

---

7

COMPLAINT FOR DAMAGES: BREACH OF CONTRACT, BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; AND DEMAND FOR JURY TRIAL

1    31.    The conduct of defendants and each of them as described hereinabove was

2    despicable and fraudulent and was further done willfully, oppressively, maliciously, or with

3    conscious disregard of the rights of plaintiff, and with the intent to annoy, harass or injure

4
5    plaintiff such that plaintiff is entitled to a recovery of exemplary damages.

6        WHEREFORE, PLAINTIFF prays for judgment against defendants, STATE

7    FARM GENERAL INSURANCE COMPANY, and DOES 1 through 25, and each of them and

8    each of them, as hereinafter set forth below.

9                    **FOURTH CAUSE OF ACTION**
10    **(Negligent Infliction of Emotional Distress Against All Defendants)**

11        As and for a separate and distinct Fourth Cause of Action, PLAINTIFF complains against

12    defendants, STATE FARM GENERAL INSURANCE COMPANY, and DOES 1 through 25,

13    and each of them as follows.
14
15    32.    PLAINTIFF incorporates by reference each and every allegation of the Complaint

16    as though set forth in this cause of action.

17    33.    Defendants knew or should have known that defendants' failure to exercise due

18    care by failing to respond to plaintiff's inquiries regarding the status of the claim, and failure to

19    timely provide insurance benefits and coverage to plaintiff for the claims made and filed for

20
21    benefits which were provided for under the policy, would cause plaintiff severe emotional

22    distress.

23    34.    Defendants knew or should have known that their failure to respond to plaintiff's

24    inquiries was a breach of their duties and they further breached their duty to plaintiff by failing,

25    refusing, and delaying payment of plaintiff's claims, causing plaintiff humiliation, anxiety and

26    emotional distress for this delay.

27

28

8

35.   As the proximate result of defendants' conduct, plaintiff has suffered extreme emotional distress.

WHEREFORE, PLAINTIFF prays for judgment against defendants, STATE FARM GENERAL INSURANCE COMPANY, and DOES 1 through 25, and each of them and each of them, as hereinafter set forth below

## PRAYER

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as follows:

1. For damages for failure to provide benefits under the policy, plus interest, including prejudgment interest in the sum which us to be determined at the time of trial;

2. For general damages to be determined at the time of trial;

3. For special damages to be determined at the time of trial;

4. For attorneys' fees and costs and expenses reasonably incurred to obtain the policy benefits in the sum to be determined at the time of trial;

5. For exemplary damages in an amount appropriate to punish or set an example of defendants;

6. For interest, including prejudgment interest, allowable by law;

7. For costs of suit herein incurred;

8. For such other and further relief as the Court may deem just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands a trial b jury on all issues in this action.

DATED: January 3, 2007                    LAW OFFICES OF JOHN T. BELL


JOHN T. BELL
Attorney for Plaintiff James Brown

9

COMPLAINT FOR DAMAGES: BREACH OF CONTRACT, BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; AND DEMAND FOR JURY TRIAL

# EXHIBIT 2

JOHN T. BELL, SBN 209941
Law Offices of John T. Bell
610-16ᵗʰ Street, Suite 421
Oakland, CA 94612
TEL: 510-444-4638
FAX: 510-444-4019

ENDORSED
FILED
ALAMEDA COUNTY

FEB 0 9 2007

CLERK OF THE SUPERIOR COURT
By ___ **M. Hayes**
                              Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF ALAMEDA-UNLIMITED JURISDICTION

| | |
|---|---|
| JAMES BROWN <br><br> Plaintiff, <br> vs. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND DOES 1 through 25 INCLUSIVE, <br> Defendants. | Case No. RG07304927 <br><br> **FIRST AMENDED COMPLAINT FOR DAMAGES: BREACH OF CONTRACT, BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING, AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff, JAMES BROWN ("PLAINTIFF"), alleges as follows:

### INTRODUCTION

1.      PLAINTIFF at all times herein mentioned was, and is, a resident of the state of California.

2.      PLAINTIFF is informed and believes, and on that basis alleges, that defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY at all times herein relevant was, and now is, a corporation licensed to do business and actually doing business as an insurer and issuing insurance policies in the state of California.

---

1

FIRST AMENDED COMPLAINT FOR DAMAGES: BREACH OF CONTRACT, BREACH OF DUTY OF
GOOD FAITH AND FAIR DEALING; AND DEMAND FOR JURY TRIAL

3.      The true names or capacities, whether individual, corporate, associate or otherwise, of defendants names herein as DOES 1 through 25, inclusive, are unknown to plaintiff at this time, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and therefore alleges that each if the defendants designated herein by fictitious name is in some manner responsible for the events and happenings herein referred to, and caused damages proximately and foreseeably thereby to plaintiff as hereinafter alleged. Plaintiff asks leave of Court to amend this Complaint when the true names and capacities have been ascertained.

4.      That at all times herein mentioned, each and every defendant herein was the agent, servant, employee, partner of joint venturer of the other defendants herein; that at all times, each of said defendants was acting within the course and scope of said agency, service, employment, partnership or joint venture.

## GENERAL ALLEGATIONS

5.      Prior to May 3, 2006, PLAINTIFF entered into a written contract of insurance in Alameda County, California with defendants, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and DOES 1 thru 25, (collectively" DEFANDANTS").

6.      Each year, up to and including the present time, defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY reissued the Policy to PLAINTIFF. Said contract was assigned a policy number of 0994048B.

7.      At the time of the filing of this Complaint, PLAINTIFF does not possess a copy of said contract. However, PLAINTIFF anticipates that he will obtain a copy of said contract through the discovery process.

---

2

FIRST AMENDED COMPLAINT FOR DAMAGES: BREACH OF CONTRACT, BREACH OF DUTY OF
GOOD FAITH AND FAIR DEALING; AND DEMAND FOR JURY TRIAL

1        8.     Among other things, the Policy provided full coverage insurance for a 2004

2  Harley Davidson Road King motorcycle, VIN 1HD1FBW324Y727307.

3        9.     On or about May 3, 2006 while the above reference insurance policy was in full

4

5  force and effect, the aforementioned motorcycle was stolen.

6       10.    On or about May 4, 2006, PLAINTIFF opened a claim with the defendants for

7  policy benefits.

8

9

**FIRST CAUSE OF ACTION**
**(Breach of Contract Against All Defendants)**

10      11.    PLAINTIFF incorporates by reference each and every allegation of the

11  Complaint as though set forth in this cause of action.

12      12.    On or about May 4, 2006, PLAINTIFF made a claim for insurance benefits under

13

14  the State Farm insurance policy for loss of his stolen motorcycle.

15      13.    From the date that PLAINTIFF opened a claim with the defendants, the

16  defendants and each of them breached the terms and provisions of the insurance policy identified

17  herein by not attempting to settle PLAINTIFF'S claim, never returning PLAINTIFF'S telephone

18  calls regarding the status of his claim, and refusing to timely provide policy benefits.

19      14.    PLANITIFF has performed all of the terms and conditions of the policy and has

20

21  performed all obligations under said insurance policy on PLAINTIFF'S part to be performed.

22      15.    As a proximate result of defendants' breach of insurance contract as alleged

23  herein, plaintiff has been damaged in a sum in excess of the jurisdiction of this court, plus

24  interest, including prejudgment interest, from on or about May 3, 2006, to present, in an amount

25  to be proven at trial.

26

27

28

3

FIRST AMENDED COMPLAINT FOR DAMAGES: BREACH OF CONTRACT, BREACH OF DUTY OF
GOOD FAITH AND FAIR DEALING; AND DEMAND FOR JURY TRIAL

1    WHEREFORE, PLAINTIFF prays for judgment against defendants, STATE FARM

2   MUTUAL AUTOMOBILE INSURANCE COMPANY and DOES 1 thru 25 and each of them,

3   as hereinafter set forth below.

4

### SECOND CAUSE OF ACTION
5   (Breach of the implied Covenant of Good Faith and Fair Dealing
6   Against All Defendants)

7    As and for a separate and distinct Second Cause of Action, PLAINTIFF complains

8   against defendants, STATE FARM GENERAL INSURANCE COMPANY and DOES 1 thru 25

9   as follows.

10       16.    PLAINTIFF incorporates by reference each and every allegation of the Complaint
11   as though set forth in this cause of action.

12       17.    At all times herein relevant, said defendants agreed to act in good faith and deal
13

14   fairly with said plaintiff in all matters related to the policy, and insurance claims arising from

15   losses covered under the insurance policy. Nevertheless, said defendants refused and failed to act

16   in good faith and deal fairly with plaintiff, and breached said obligations, as set forth more

17   particularly below.
18

19       18.    Said defendants engaged and continued to engage in an unreasonable course of

20   conduct to further their economic interests in violation if their contractual obligations to plaintiff,

21   including but not limited to:

22       (a) Unreasonable and bad faith failure to make a full and fair settlement of plaintiff's loss
23   property claim:
24

25       (b) Unreasonable misrepresentation to plaintiff pertinent facts related to insurance

26   coverage and no attempts to settle plaintiff's claim under said policy;

27       (c) Bad faith failure to reasonably and promptly investigate, adjust, and process
28

---

4

1  plaintiff's claim for damage;

2     (d) Not attempting in good faith to effectuate a prompt, fair and equitable settlement of

3  plaintiff's claim fro damage;

4     (e) Unreasonable refusal to place the financial interest of plaintiff on an equal par with

5  defendants' own financial interests;

6

7     (f) Other wrongful and illegal conduct according to proof at trial; and,

8     . (g) Intentional and willful deprivation of plaintiff of insurance benefits to which plaintiff

9  was entitled to under the insurance policy without making a full and complete investigation with

10  regard to the damages suffered by plaintiff; was intended by defendants to cause injury to the

11

12  plaintiff in that despite the fact that defendants had proof of the damage, they failed to engage in

13  settlement negotiations with PLAINTIFF. Such conduct by the defendants was carried on with a

14  conscious disregard of the rights of plaintiff.

15     19.     As a direct and proximate result of the aforementioned conduct of defendants,

16  and each of them, plaintiff has suffered mental and motional distress, including but not limited

17

18  to, frustration, depression, nervousness and anxiety, and has thereby incurred general damages in

19  a sum in excess of the jurisdiction of this Court, all to be determined at the time of trial.

20     20.     As a further direct and proximate result of defendants' breach of the duty of good

21  faith and fair dealing as alleged herein, plaintiff has been damaged in a sum in excess of the

22  jurisdiction of this court, plus interest, all in amount to be determined at time of trial.

23

24     21.     As a further direct and proximate result of aforementioned conduct of defendants,

25  and each of them, plaintiff has suffered special damages in an amount according to proof at the

26  time of the trial, from the lack of availability of said sums to him.

27

28

---

FIRST AMENDED COMPLAINT FOR DAMAGES: BREACH OF CONTRACT, BREACH OF DUTY OF
GOOD FAITH AND FAIR DEALING; AND DEMAND FOR JURY TRIAL

1    22.    As a further proximate result of the unreasonable conduct of the defendants,

2   plaintiff was compelled to retain legal counsel to obtain the benefits due under the policy.

3   Therefore, defendants are liable to plaintiff for those costs of suit and attorneys' fees reasonably

4   necessary and incurred by plaintiff in order to obtain the policy benefits in an amount to be

5

6   determined as the time of trial.

7    23.    The acts alleged were part of defendants' and each of them, inclusive, ordinary

8   business practice designed to keep from paying policy benefits which were and legitimately

9   owed to the plaintiff in order to increase the defendants' profits. In doing so, and in doing the

10

11  acts set forth above, the defendants acted despicably, willfully, wantonly, oppressively,

12  fraudulently and/or in conscious disregard of the plaintiff's rights. .

13   24.    PLAINTIFF therefore seeks exemplary damages in a sum to be set by the jury in

14  an amount sufficient to punish the defendants and to be certain that they never again perpetrate

15  such evils upon Policyholders.

16  WHEREFORE, PLAINTIFF prays for judgment against defendants, STATE FARM

17  MUTUAL AUTOMOBILE INSURANCE COMPANY, and DOES 1 through 25, and each of

18

19  them, as hereinafter set forth below.

20  **PRAYER**

21  WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as

22  follows:

   1. · For damages for failure to provide benefits under the policy, plus interest,
23      including prejudgment interest in the sum which us to be determined at the
        time of trial;
24

25   2. For general damages to be determined at the time of trial;

26   3. For special damages to be determined at the time of trial;

27   4. For attorneys' fees and costs and expenses reasonably incurred to obtain the
28      policy benefits in the sum to be determined at the time of trial;

---

6

FIRST AMENDED COMPLAINT FOR DAMAGES: BREACH OF CONTRACT, BREACH OF DUTY OF
GOOD FAITH AND FAIR DEALING; AND DEMAND FOR JURY TRIAL

5. For exemplary damages in an amount appropriate to punish or set an example of defendants;

6. For interest, including prejudgment interest, allowable by law;

7. For costs of suit herein incurred;

8. For such other and further relief as the Court may deem just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action.

DATED: February 8, 2007                    LAW OFFICES OF JOHN T. BELL

<br>

John T. Bell
JOHN T. BELL
Attorney for Plaintiff James Brown

---

7

FIRST AMENDED COMPLAINT FOR DAMAGES: BREACH OF CONTRACT, BREACH OF DUTY OF
GOOD FAITH AND FAIR DEALING; AND DEMAND FOR JURY TRIAL

**CASE NAME:**      **Brown v. State Farm**

**ACTION NO.:**     RG07304927

## PROOF OF SERVICE

I am a citizen of the United States. My business address is 610 – 16TH St., Ste. 421, Oakland, CA 94612. I am employed in the County of Alameda where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as: SUMMONS ON FIRST AMENDED COMPLAINT AND FIRST AMENDED COMPLAINT FOR DAMAGES: BREACH OF CONTRACT, BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING, AND DEMAND FOR JURY TRIAL

_____(BY Personal Delivery) by personally delivering true copies to said person at the
       following address:

✓(BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be place in
       the United States mail at Oakland, California to said person at the following address:

Stephen M. Hayes
Hayes Davis Bonino
203 Redwood Shores Pkwy., Suite 480
Redwood Shore, CA 94065

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 9, 2007 at Oakland, California.

Felicia E. Jones

PROOF OF SERVICE

# EXHIBIT 3

ENDORSED
FILED
ALAMEDA COUNTY

07 MAR 27 PM 12: 04

CLERK OF THE SUPERIOR COURT
BY BARBARA C. YOUNG, DEPUTY

1  STEPHEN M. HAYES (SBN 83583)
   STEPHEN P. ELLINGSON (SBN 136505)
2  JAMIE A. RADACK (SBN 221000)
   HAYES DAVIS BONINO ELLINGSON McLAY & SCOTT, LLP
3  203 Redwood Shores Pkwy., Suite 480
   Redwood City, CA 94065
4  Telephone: 650.637-9100
   Facsimile: 650.637-8071
5
   Attorney for Defendant
6  STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF ALAMEDA – UNLIMITED JURISDICTION

10  JAMES BROWN,                          CASE NO. RG07304927

11           Plaintiff,
                                          STATE FARM MUTUAL AUTOMOBILE
12      v.                                INSURANCE COMPANY'S ANSWER TO
                                          PLAINTIFF'S FIRST AMENDED
13  STATE FARM MUTUAL AUTOMOBILE          COMPLAINT
    INSURANCE COMPANY; and DOES 1
14  through 25, inclusive,
                                          FAXED
15           Defendants.

16

17       Defendant State Farm Mutual Automobile Insurance Company, in answer to the unverified

18  Complaint of plaintiff herein, denies each and every, all and singular, the allegation of the

19  unverified Complaint, and in this connection defendant denies that plaintiff has been injured or

20  damaged in any of the sums mentioned in the Complaint, or in any sum, or at all as the result of any

21  act or omission of this answering defendant.

22       AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON

23  FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this

24  answering defendant alleges that said complaint fails to state facts sufficient to constitute a cause of

25  action against this answering defendant.

26       AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT

27  ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN,

28  this answering defendant alleges that at all times and places mentioned in the Complaint herein,

130931                    -1-

plaintiff failed to mitigate the amount of his damages. The damages claimed by plaintiff could have been mitigated by due diligence on his part or by one acting under similar circumstances. Plaintiff's failure to mitigate is a bar to his recovery under the Complaint.

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that the injuries allegedly sustained by plaintiff were either wholly or in part caused by plaintiff or persons, firms, corporations or entities other than these answering defendants, and whose acts or omissions are imputed to plaintiff as a matter of law.

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiff cannot assert any contractual claims set forth in his Complaint because plaintiff prevented performance of said contract.

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges on information and belief that plaintiff cannot assert any of the contractual claims contained in his Complaint because plaintiff materially breached said contract.

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges on information and belief that the sole and proximate cause of the circumstances and events complained of by plaintiff in the Complaint was due to the acts or omissions of persons and entities other than this answering defendant.

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that said complaint fails to state facts sufficient to constitute a claim for exemplary or punitive damages pursuant to §3294 of the Civil Code.

AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiff's Complaint, to the extent that it seeks exemplary or

1    punitive damages pursuant to §3294 of the Civil Code, violates defendant's right to procedural due

2    process under the Fourteenth Amendment of the United States Constitution, and the Constitution of

3    the State of California, and therefore fails to state a cause of action upon which either punitive or

4    exemplary damages can be awarded.

5         AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON

6    FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this

7    answering defendant alleges that plaintiff's Complaint, to the extent that it seeks punitive or

8    exemplary damages pursuant to §3294 of the Civil Code, violates defendant's rights to protection

9    from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and

10   Article I, Section 17, of the Constitution of the State of California, and violates defendant's rights to

11   substantive due process as provided in the Fifth and Fourteenth Amendments of the United States

12   Constitution and the Constitution of the State of California, and therefore fails to state a cause of

13   action supporting the punitive or exemplary damages claimed.

14        AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON

15   FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this

16   answering defendant alleges that plaintiff's Complaint is barred by the litigation privilege of Civil

17   Code section 47.

18        WHEREFORE, this answering defendant prays for judgment as follows:

19        1.   That plaintiff take nothing by the Complaint;

20        2.   For costs of suit incurred herein; and

21        3.   For such other and further relief as the Court deems proper.

22   Dated: March 27, 2007          HAYES DAVIS BONINO ELLINGSON
                                    McLAY & SCOTT, LLP
23

24
                                 By
25                                  STEPHEN M. HAYES
                                    STEPHEN P. ELLINGSON
26                                  JAMIE A. RADACK
                                    Attorneys for Defendant
27                                  STATE FARM MUTUAL AUTOMOBILE
                                    INSURANCE COMPANY
28

1  CASE NAME:    Brown v. State Farm
   ACTION NO.:   RG07304927
2
                    PROOF OF SERVICE
3
       I am a citizen of the United States. My business address is 203 Redwood Shores Pkwy., Ste.
4  480, Redwood Shores, California 94065. I am employed in the County of San Mateo where this
   service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily
5  familiar with my employer's normal business practice for collection and processing of
   correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is
6  deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course
   of business.
7
       On the date set forth below, following ordinary business practice, I served a true copy of the
8  foregoing document(s) described as:

9  STATE FARM MUTUAL AUTOMOBILE  INSURANCE COMPANY'S ANSWER
                TO PLAINTIFF'S FIRST AMENDED COMPLAINT
10
11    ☐    (BY FAX) by transmitting via facsimile the document(s) listed above to the fax
            number(s) set forth below, or as stated on the attached service list, on this date
12          before 5:00 p.m.

13    ☒    (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be
            placed in the United States mail at Redwood City, California.

14    ☐    (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand
            this date to the offices of the addressee(s).

15    ☐    (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an
            overnight delivery carrier with delivery fees provided for, addressed to the
16          person(s) on whom it is to be served.

17          John T. Bell
18          LAW OFFICES OF JOHN T. BELL
            610 – 16th Street, Suite 421
19          Oakland, CA 94612
            Telephone: 510.444.4638
20          Facsimile: 510.444.4019

21          **Attorneys for Plaintiff**
            **JAMES BROWN**
22
23    ☒    *(State)* I declare under penalty of perjury under the laws of the State of California
            that the above is true and correct.

24    Executed on March 27, 2007, at Redwood City, California.

25
26                                              _____
                                                        Abigail Bowman
27
28

# EXHIBIT 4

DISC-001

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
STEPHEN P. ELLINGSON (SBN 136505)/JAMIE A. RADACK (SBN 221000)
HAYES DAVIS BONINO ELLINGSON McLAY & SCOTT, LLP
203 Redwood Shores Parkway, Suite 480, Redwood City, CA 94065

TELEPHONE NO: (650) 637-9100
FAX NO. *(Optional)*: (650) 637-8071
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:    Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

ALAMEDA

SHORT TITLE OF CASE:

Brown v. State Farm

| | CASE NUMBER |
|---|---|
| FORM INTERROGATORIES—GENERAL<br>Asking Party: Defendant STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY<br>Answering Party: Plaintiff JAMES BROWN<br>Set No.: One | RG07304927 |

### Sec. 1. Instructions to All Parties

(a) Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in civil cases.

(b) For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010–2030.410 and the cases construing those sections.

(c) These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

### Sec. 2. Instructions to the Asking Party

(a) These interrogatories are designed for optional use by parties in unlimited civil cases where the amount demanded exceeds $25,000. Separate interrogatories, Form *Interrogatories—Limited Civil Cases (Economic Litigation)* (form DISC-004), which have no subparts, are designed for use in limited civil cases where the amount demanded is $25,000 or less; however, those interrogatories may also be used in unlimited civil cases.

(b) Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(c) You may insert your own definition of INCIDENT in Section 4, but only where the action arises from a course of conduct or a series of events occurring over a period of time.

(d) The interrogatories in section 16.0, Defendant's Contentions—Personal Injury, should not be used until the defendant has had a reasonable opportunity to conduct an investigation or discovery of plaintiff's injuries and damages.

(e) Additional interrogatories may be attached.

### Sec. 3. Instructions to the Answering Party

(a) An answer or other appropriate response must be given to each interrogatory checked by the asking party.

(b) As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c) Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d) If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e) Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f) Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g) If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h) Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____        _____
*(DATE)*                       *(SIGNATURE)*

### Sec. 4. Definitions

Words in BOLDFACE CAPITALS in these interrogatories are defined as follows:

(a) *(Check one of the following):*

☐ (1) INCIDENT includes the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding.

Page 1 of 6

Form Approved for Optional Use
Judicial Council of California
DISC-001 [Rev. January 1, 2007]

**FORM INTERROGATORIES—GENERAL**

Code of Civil Procedure,
§§ 2030.010–2030.410, 2033.710
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

DISC-001

[X] (2) INCIDENT means *(insert your definition here or on a separate, attached sheet labeled "Sec. 4(a)(2)"):* The facts and circumstances surrounding the handling of plaintiff's claim number: 05-5281-694 by defendant State Farm Mutual Automobile Insurance Company.

(b) YOU OR ANYONE ACTING ON YOUR BEHALF includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

(c) PERSON includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

(d) DOCUMENT means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

(e) HEALTH CARE PROVIDER includes any PERSON referred to in Code of Civil Procedure section 667.7(e)(3).

(f) ADDRESS means the street address, including the city, state, and zip code.

Sec. 5. Interrogatories

The following interrogatories have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

CONTENTS

1.0 Identity of Persons Answering These Interrogatories
2.0 General Background Information—Individual
3.0 General Background Information—Business Entity
4.0 Insurance
5.0 [Reserved]
6.0 Physical, Mental, or Emotional Injuries
7.0 Property Damage
8.0 Loss of Income or Earning Capacity
9.0 Other Damages
10.0 Medical History
11.0 Other Claims and Previous Claims
12.0 Investigation—General
13.0 Investigation—Surveillance
14.0 Statutory or Regulatory Violations
15.0 Denials and Special or Affirmative Defenses
16.0 Defendant's Contentions Personal Injury
17.0 Responses to Request for Admissions
18.0 [Reserved]
19.0 [Reserved]
20.0 How the Incident Occurred—Motor Vehicle
25.0 [Reserved]
30.0 [Reserved]
40.0 [Reserved]
50.0 Contract
60.0 [Reserved]
70.0 Unlawful Detainer [See separate form FI-128]
101.0 Economic Litigation [See separate form FI-129]
200.0 Employment Law [See separate form FI-130]
   Family Law [See separate form 1292.10]

1.0 Identity of Persons Answering These Interrogatories

[X] 1.1 State the name, ADDRESS, telephone number, and relationship to you of each PERSON who prepared or assisted in the preparation of the responses to these interrogatories. *(Do not identify anyone who simply typed or reproduced the responses.)*

2.0 General Background Information—Individual

[X] 2.1 State:
    (a) your name;
    (b) every name you have used in the past; and
    (c) the dates you used each name.

[X] 2.2 State the date and place of your birth.

[X] 2.3 At the time of the INCIDENT, did you have a driver's license? If so state:
    (a) the state or other issuing entity;
    (b) the license number and type;
    (c) the date of issuance; and
    (d) all restrictions.

[X] 2.4 At the time of the INCIDENT, did you have any other permit or license for the operation of a motor vehicle? If so, state:
    (a) the state or other issuing entity;
    (b) the license number and type;
    (c) the date of issuance; and
    (d) all restrictions.

[X] 2.5 State:
    (a) your present residence ADDRESS;
    (b) your residence ADDRESSES for the past five years; and
    (c) the dates you lived at each ADDRESS.

[X] 2.6 State:
    (a) the name, ADDRESS, and telephone number of your present employer or place of self-employment; and
    (b) the name, ADDRESS, dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the INCIDENT until today.

[X] 2.7 State:
    (a) the name and ADDRESS of each school or other academic or vocational institution you have attended, beginning with high school;
    (b) the dates you attended;
    (c) the highest grade level you have completed; and
    (d) the degrees received.

[X] 2.8 Have you ever been convicted of a felony? If so, for each conviction state:
    (a) the city and state where you were convicted;
    (b) the date of conviction;
    (c) the offense; and
    (d) the court and case number.

[X] 2.9 Can you speak English with ease? If not, what language and dialect do you normally use?

[X] 2.10 Can you read and write English with ease? If not, what language and dialect do you normally use?

FORM INTERROGATORIES—GENERAL

LexisNexis® Automated California Judicial Council Forms

DISC-001

[X] **2.11** At the time of the INCIDENT were you acting as an agent or employee for any PERSON? If so, state:
(a) the name, ADDRESS, and telephone number of that PERSON; and
(b) a description of your duties.

[X] **2.12** At the time of the INCIDENT did you or any other person have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the INCIDENT? If so, for each person state:
(a) the name, ADDRESS, and telephone number;
(b) the nature of the disability or condition; and
(c) the manner in which the disability or condition contributed to the occurrence of the INCIDENT.

[X] **2.13** Within 24 hours before the INCIDENT did you or any person involved in the INCIDENT use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, for each person state:
(a) the name, ADDRESS, and telephone number;
(b) the nature or description of each substance;
(c) the quantity of each substance used or taken;
(d) the date and time of day when each substance was used or taken;
(e) the ADDRESS where each substance was used or taken;
(f) the name, ADDRESS, and telephone number of each person who was present when each substance was used or taken; and
(g) the name, ADDRESS, and telephone number of any HEALTH CARE PROVIDER who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

**3.0 General Background Information—Business Entity**

[ ] **3.1** Are you a corporation? If so, state:
(a) the name stated in the current articles of incorporation;
(b) all other names used by the corporation during the past 10 years and the dates each was used;
(c) the date and place of incorporation;
(d) the ADDRESS of the principal place of business; and
(e) whether you are qualified to do business in California.

[ ] **3.2** Are you a partnership? If so, state:
(a) the current partnership name;
(b) all other names used by the partnership during the past 10 years and the dates each was used;
(c) whether you are a limited partnership and, if so, under the laws of what jurisdiction;
(d) the name and ADDRESS of each general partner; and
(e) the ADDRESS of the principal place of business.

[ ] **3.3** Are you a limited liability company? If so, state:
(a) the name stated in the current articles of organization;
(b) all other names used by the company during the past 10 years and the date each was used;
(c) the date and place of filing of the articles of organization;
(d) the ADDRESS of the principal place of business; and
(e) whether you are qualified to do business in California.

[ ] **3.4** Are you a joint venture? If so, state:
(a) the current joint venture name;
(b) all other names used by the joint venture during the past 10 years and the dates each was used;
(c) the name and ADDRESS of each joint venturer; and
(d) the ADDRESS of the principal place of business.

[ ] **3.5** Are you an unincorporated association? If so, state:
(a) the current unincorporated association name;
(b) all other names used by the unincorporated association during the past 10 years and the dates each was used; and
(c) the ADDRESS of the principal place of business.

[ ] **3.6** Have you done business under a fictitious name during the past 10 years? If so, for each fictitious name state:
(a) the name;
(b) the dates each was used;
(c) the state and county of each fictitious name filing; and
(d) the ADDRESS of the principal place of business.

[ ] **3.7** Within the past five years has any public entity registered or licensed your business? If so, for each license or registration:
(a) identify the license or registration;
(b) state the name of the public entity; and
(c) state the dates of issuance and expiration.

**4.0 Insurance**

[X] **4.1** At the time of the INCIDENT, was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the INCIDENT? If so, for each policy state:
(a) the kind of coverage;
(b) the name and ADDRESS of the insurance company;
(c) the name, ADDRESS, and telephone number of each named insured;
(d) the policy number;
(e) the limits of coverage for each type of coverage contained in the policy;
(f) whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and
(g) the name, ADDRESS, and telephone number of the custodian of the policy.

[X] **4.2** Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the INCIDENT? If so, specify the statute.

**5.0** *[Reserved]*

**6.0 Physical, Mental, or Emotional Injuries**

[X] **6.1** Do you attribute any physical, mental, or emotional injuries to the INCIDENT? *(If your answer is "no," do not answer interrogatories 6.2 through 6.7.)*

[X] **6.2** Identify each injury you attribute to the INCIDENT and the area of your body affected.

DISC-001

[X] 6.3  Do you still have any complaints that you attribute to the INCIDENT? If so, for each complaint state:
(a) a description;
(b) whether the complaint is subsiding, remaining the same, or becoming worse; and
(c) the frequency and duration.

[X] 6.4  Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure sections 2034.210-2034.310) or treatment from a HEALTH CARE PROVIDER for any injury you attribute to the INCIDENT? If so, for each HEALTH CARE PROVIDER state:
(a) the name, ADDRESS, and telephone number;
(b) the type of consultation, examination, or treatment provided;
(c) the dates you received consultation, examination, or treatment; and
(d) the charges to date.

[X] 6.5  Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the INCIDENT? If so, for each medication state:
(a) the name;
(b) the PERSON who prescribed or furnished it;
(c) the date it was prescribed or furnished;
(d) the dates you began and stopped taking it; and
(e) the cost to date.

[X] 6.6  Are there any other medical services necessitated by the injuries that you attribute to the INCIDENT that were not previously listed (for example, ambulance, nursing, prosthetics)? If so, for each service state:
(a) the nature;
(b) the date;
(c) the cost; and
(d) the name, ADDRESS, and telephone number of each provider.

[X] 6.7  Has any HEALTH CARE PROVIDER advised that you may require future or additional treatment for any injuries that you attribute to the INCIDENT? If so, for each injury state:
(a) the name and ADDRESS of each HEALTH CARE PROVIDER;
(b) the complaints for which the treatment was advised; and
(c) the nature, duration, and estimated cost of the treatment.

7.0  Property Damage

[X] 7.1  Do you attribute any loss of or damage to a vehicle or other property to the INCIDENT?  If so, for each item of property:
(a) describe the property;
(b) describe the nature and location of the damage to the property;

(c) state the amount of damage you are claiming for each item of property and how the amount was calculated; and
(d) if the property was sold, state the name, ADDRESS, and telephone number of the seller, the date of sale, and the sale price.

[X] 7.2  Has a written estimate or evaluation been made for any item of property referred to in your answer to the preceding interrogatory? If so, for each estimate or evaluation state:
(a) the name, ADDRESS, and telephone number of the PERSON who prepared it and the date prepared;
(b) the name, ADDRESS, and telephone number of each PERSON who has a copy of it; and
(c) the amount of damage stated.

[X] 7.3  Has any item of property referred to in your answer to interrogatory 7.1 been repaired? If so, for each item state:
(a) the item repaired;
(b) a description of the repair;
(c) the repair cost;
(d) the name, ADDRESS, and telephone number of the PERSON who repaired it;
(e) the name, ADDRESS, and telephone number of the PERSON who paid for the repair.

8.0  Loss of Income or Earning Capacity

[X] 8.1  Do you attribute any loss of income or earning capacity to the INCIDENT?  (if your answer is "no," do not answer interrogatories 8.2 through 8.8).

[X] 8.2  State:
(a) the nature of your work;
(b) your job title at the time of the INCIDENT; and
(c) the date your employment began.

[X] 8.3  State the last date before the INCIDENT that you worked for compensation.

[X] 8.4  State your monthly income at the time of the INCIDENT and how the amount was calculated.

[X] 8.5  State the date you returned to work at each place of employment following the INCIDENT.

[X] 8.6  State the dates you did not work and for which you lost income as a result of the INCIDENT.

[X] 8.7  State the total income you have lost to date as a result of the INCIDENT and how the amount was calculated.

[X] 8.8  Will you lose income in the future as a result of the INCIDENT? If so, state:
(a) the facts upon which you base this contention;
(b) an estimate of the amount;
(c) an estimate of how long you will be unable to work; and
(d) how the claim for future income is calculated.

LexisNexis® Automated California Judicial Council Forms

DISC-001

**9.0 Other Damages**

[X] **9.1** Are there any other damages that you attribute to the INCIDENT? If so, for each item of damage state:
(a) the nature;
(b) the date it occurred;
(c) the amount; and
(d) the name, ADDRESS, and telephone number of each PERSON to whom an obligation was incurred.

[X] **9.2** Do any DOCUMENTS support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

**10.0 Medical History**

[X] **10.1** At any time before the INCIDENT did you have complaints or injuries that involved the same part of your body claimed to have been injured in the INCIDENT? If so, for each state:

(a) a description of the complaint or injury;
(b) the dates it began and ended; and
(c) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER whom you consulted or who examined or treated you.

[X] **10.2** List all physical, mental, and emotional disabilities you had immediately before the INCIDENT. *(You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the INCIDENT.)*

[X] **10.3** At any time after the INCIDENT, did you sustain injuries of the kind for which you are now claiming damages? If so, for each incident giving rise to an injury state:

(a) the date and the place it occurred;
(b) the name, ADDRESS, and telephone number of any other PERSON involved;
(c) the nature of any injuries you sustained;
(d) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER who you consulted or who examined or treated you; and
(e) the nature of the treatment and its duration.

**11.0 Other Claims and Previous Claims**

[X] **11.1** Except for this action, in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:

(a) the date, time, and place and location (closest street ADDRESS or intersection) of the INCIDENT giving rise to the action, claim, or demand;
(b) the name, ADDRESS, and telephone number of each PERSON against whom the claim or demand was made or the action filed;

(c) the court, names of the parties, and case number of any action filed;
(d) the name, ADDRESS, and telephone number of any attorney representing you;
(e) whether the claim or action has been resolved or is pending; and
(f) a description of the injury.

[X] **11.2** In the past 10 years have you made a written claim or demand for workers' compensation benefits? If so, for each claim or demand state:
(a) the date, time, and place of the INCIDENT giving rise to the claim;
(b) the name, ADDRESS, and telephone number of your employer at the time of the injury;
(c) the name, ADDRESS, and telephone number of the workers' compensation insurer and the claim number;
(d) the period of time during which you received workers' compensation benefits;
(e) a description of the injury;
(f) the name, ADDRESS, and telephone number of any HEALTH CARE PROVIDER who provided services; and
(g) the case number at the Workers' Compensation Appeals Board.

**12.0 Investigation—General**

[X] **12.1** State the name, ADDRESS, and telephone number of each individual:
(a) who witnessed the INCIDENT or the events occurring immediately before or after the INCIDENT;
(b) who made any statement at the scene of the INCIDENT;
(c) who heard any statements made about the INCIDENT by any individual at the scene; and
(d) who YOU OR ANYONE ACTING ON YOUR BEHALF claim has knowledge of the INCIDENT (except for expert witnesses covered by Code of Civil Procedure section 2034)

[X] **12.2** Have YOU OR ANYONE ACTING ON YOUR BEHALF interviewed any individual concerning the INCIDENT? If so, for each individual state:
(a) the name, ADDRESS, and telephone number of the individual interviewed;
(b) the date of the interview; and
(c) the name, ADDRESS, and telephone number of the PERSON who conducted the interview.

[X] **12.3** Have YOU OR ANYONE ACTING ON YOUR BEHALF obtained a written or recorded statement from any individual concerning the INCIDENT? If so, for each statement state:
(a) the name, ADDRESS, and telephone number of the individual from whom the statement was obtained;
(b) the name, ADDRESS, and telephone number of the individual who obtained the statement;
(c) the date the statement was obtained; and
(d) the name, ADDRESS, and telephone number of each PERSON who has the original statement or a copy.

DISC-001

[X] **12.4  Do YOU OR ANYONE ACTING ON YOUR BEHALF** know of any photographs, films, or videotapes depicting any place, object, or individual concerning the INCIDENT or plaintiff's injuries? If so, state:

(a) the number of photographs or feet of film or videotape;
(b) the places, objects, or persons photographed, filmed, or videotaped;
(c) the date the photographs, films, or videotapes were taken;
(d) the name, ADDRESS, and telephone number of the individual taking the photographs, films, or videotapes; and
(e) the name, ADDRESS, and telephone number of each PERSON who has the original or a copy of the photographs, films, or videotapes.

[X] **12.5  Do YOU OR ANYONE ACTING ON YOUR BEHALF** know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) concerning the INCIDENT? If so, for each item state:

(a) the type (i.e., diagram, reproduction, or model);
(b) the subject matter; and
(c) the name, ADDRESS, and telephone number of each PERSON who has it.

[X] **12.6  Was a report made by any PERSON** concerning the INCIDENT? If so, state:

(a) the name, title, identification number, and employer of the PERSON who made the report;
(b) the date and type of report made;
(c) the name, ADDRESS, and telephone number of the PERSON for whom the report was made; and
(d) the name, ADDRESS, and telephone number of each PERSON who has the original or a copy of the report.

[X] **12.7  Have YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the INCIDENT? If so, for each inspection state:

(a) the name, ADDRESS, and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310); and
(b) the date of the inspection.

**13.0  Investigation—Surveillance**

[ ] **13.1  Have YOU OR ANYONE ACTING ON YOUR BEHALF** conducted surveillance of any individual involved in the INCIDENT or any party to this action? If so, for each surveillance state:

(a) the name, ADDRESS, and telephone number of the individual or party;
(b) the time, date, and place of the surveillance;
(c) the name, ADDRESS, and telephone number of the individual who conducted the surveillance; and
(d) the name, ADDRESS, and telephone number of each PERSON who has the original or a copy of any surveillance photograph, film, or videotape.

[ ] **13.2  Has a written report been prepared on the surveillance?** If so, for each written report state:

(a) the title;
(b) the date;
(c) the name, ADDRESS, and telephone number of the individual who prepared the report; and
(d) the name, ADDRESS, and telephone number of each PERSON who has the original or a copy.

**14.0  Statutory or Regulatory Violations**

[ ] **14.1  Do YOU OR ANYONE ACTING ON YOUR BEHALF** contend that any PERSON involved in the INCIDENT violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the INCIDENT? If so, identify the name, ADDRESS, and telephone number of each PERSON and the statute, ordinance, or regulation that was violated.

[ ] **14.2  Was any PERSON cited or charged with a violation of** any statute, ordinance, or regulation as a result of this INCIDENT? If so, for each PERSON state:

(a) the name, ADDRESS, and telephone number of the PERSON;
(b) the statute, ordinance, or regulation allegedly violated;
(c) whether the PERSON entered a plea in response to the citation or charge and, if so, the plea entered; and
(d) the name and ADDRESS of the court or administrative agency, names of the parties, and case number.

**15.0  Denials and Special or Affirmative Defenses**

[ ] **15.1  Identify each denial of a material allegation and each** special or affirmative defense in your pleadings and for each:

(a) state all facts upon which you base the denial or special or affirmative defense;
(b) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of those facts; and
(c) identify all DOCUMENTS and other tangible things that support your denial or special or affirmative defense, and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

**16.0  Defendant's Contentions—Personal Injury**

[ ] **16.1  Do you contend that any PERSON, other than you or** plaintiff, contributed to the occurrence of the INCIDENT or the injuries or damages claimed by plaintiff? If so, for each PERSON:

(a) state the name, ADDRESS, and telephone number of the PERSON;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

[ ] **16.2  Do you contend that plaintiff was not injured in the** INCIDENT? If so:

(a) state all facts upon which you base your contention;
(b) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(c) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

*LexisNexis® Automated California Judicial Council Forms*

DISC-001

16.3  Do you contend that the injuries or the extent of the injuries claimed by plaintiff as disclosed in discovery proceedings thus far in this case were not caused by the INCIDENT? If so, for each injury:

(a) identify it;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.4  Do you contend that any of the services furnished by any HEALTH CARE PROVIDER claimed by plaintiff in discovery proceedings thus far in this case were not due to the INCIDENT? If so:

(a) identify each service;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts, and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.5  Do you contend that any of the costs of services furnished by any HEALTH CARE PROVIDER claimed as damages by plaintiff in discovery proceedings thus far in this case were not necessary or unreasonable? If so:

(a) identify each cost;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing

16.6  Do you contend that any part of the loss of earnings or income claimed by plaintiff in discovery proceedings thus far in this case was unreasonable or was not caused by the INCIDENT? If so:

(a) identify each part of the loss;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.7  Do you contend that any of the property damage claimed by plaintiff in discovery Proceedings thus far in this case was not caused by the INCIDENT? If so:

(a) identify each item of property damage;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.8  Do you contend that any of the costs of repairing the property damage claimed by plaintiff in discovery proceedings thus far in this case were unreasonable? If so:

(a) identify each cost item;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.9  Do YOU OR ANYONE ACTING ON YOUR BEHALF have any DOCUMENT (for example, insurance bureau index reports) concerning claims for personal injuries made before or after the INCIDENT by a plaintiff in this case? If so, for each plaintiff state:

(a) the source of each DOCUMENT;
(b) the date each claim arose;
(c) the nature of each claim; and
(d) the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

16.10  Do YOU OR ANYONE ACTING ON YOUR BEHALF have any DOCUMENT concerning the past or present physical, mental, or emotional condition of any plaintiff in this case from a HEALTH CARE PROVIDER not previously identified (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310)? If so, for each plaintiff state:

(a) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER;
(b) a description of each DOCUMENT; and
(c) the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

17.0 Responses to Request for Admissions

17.1  Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

(a) state the number of the request;
(b) state all facts upon which you base your response;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of those facts; and
(d) identify all DOCUMENTS and other tangible things that support your response and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

18.0  [Reserved]

19.0  [Reserved]

20.0 How the Incident Occurred—Motor Vehicle

20.1  State the date, time, and place of the INCIDENT (closest street ADDRESS or intersection).

20.2  For each vehicle involved in the INCIDENT, state:

(a) the year, make, model, and license number;
(b) the name, ADDRESS, and telephone number of the driver;

*LexisNexis® Automated California Judicial Council Forms*

DISC-001

(c) the name, ADDRESS, and telephone number of each occupant other than the driver;

(d) the name, ADDRESS, and telephone number of each registered owner;

(e) the name, ADDRESS, and telephone number of each lessee;

(f) the name, ADDRESS, and telephone number of each owner other than the registered owner or lien holder; and

(g) the name of each owner who gave permission or consent to the driver to operate the vehicle.

☐ 20.3 State the ADDRESS and location where your trip began and the ADDRESS and location of your destination.

☐ 20.4 Describe the route that you followed from the beginning of your trip to the location of the INCIDENT, and state the location of each stop, other than routine traffic stops, during the trip leading up to the INCIDENT.

☐ 20.5 State the name of the street or roadway, the lane of travel, and the direction of travel of each vehicle involved in the INCIDENT for the 500 feet of travel before the INCIDENT.

☐ 20.6 Did the INCIDENT occur at an intersection? If so, describe all traffic control devices, signals, or signs at the intersection.

☐ 20.7 Was there a traffic signal facing you at the time of the INCIDENT? If so, state:
(a) your location when you first saw it;
(b) the color;
(c) the number of seconds it had been that color; and
(d) whether the color changed between the time you first saw it and the INCIDENT.

☐ 20.8 State how the INCIDENT occurred, giving the speed, direction, and location of each vehicle involved:
(a) just before the INCIDENT;
(b) at the time of the INCIDENT; and (c) just after the INCIDENT.

☐ 20.9 Do you have information that a malfunction or defect in a vehicle caused the INCIDENT? If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, ADDRESS, and telephone number of each PERSON who is a witness to or has information about each malfunction or defect; and
(d) state the name, ADDRESS, and telephone number of each PERSON who has custody of each defective part.

☐ 20.10 Do you have information that any malfunction or defect in a vehicle contributed to the injuries sustained in the INCIDENT? If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, ADDRESS, and telephone number of each PERSON who is a witness to or has information about each malfunction or defect; and

(d) state the name, ADDRESS, and telephone number of each PERSON who has custody of each defective part.

☐ 20.11 State the name, ADDRESS, and telephone number of each owner and each PERSON who has had possession since the INCIDENT of each vehicle involved in the INCIDENT.

25.0 [Reserved]

30.0 [Reserved]

40.0 [Reserved]

50.0 Contract

☒ 50.1 For each agreement alleged in the pleadings:
(a) identify each DOCUMENT that is part of the agreement and for each state the name, ADDRESS, and telephone number of each PERSON who has the DOCUMENT;
(b) state each part of the agreement not in writing, the name, ADDRESS, and telephone number of each PERSON agreeing to that provision, and the date that part of the agreement was made;
(c) identify all DOCUMENTS that evidence any part of the agreement not in writing and for each state the name, ADDRESS, and telephone number of each PERSON who has the DOCUMENT;
(d) identify all DOCUMENTS that are part of any modification to the agreement and for each state the name, ADDRESS, and telephone number of each PERSON who has the DOCUMENT;
(e) state each modification not in writing, the date, and the name, ADDRESS, and telephone number of each PERSON agreeing to the modification, and the date the modification was made;
(f) identify all DOCUMENTS that evidence any modification of the agreement not in writing and for each state the name, ADDRESS, and telephone number of each PERSON who has the DOCUMENT.

☒ 50.2 Was there a breach of any agreement alleged in the pleadings? If so, for each breach describe and give the date of every act or omission that you claim is the breach of the agreement.

☒ 50.3 Was performance of any agreement alleged in the pleadings excused? If so, identify each agreement excused and state why performance was excused.

☒ 50.4 Was any agreement alleged in the pleadings terminated by mutual agreement, release, accord and satisfaction, or novation? If so, identify each agreement terminated, the date of termination, and the basis of the termination.

☒ 50.5 Is any agreement alleged in the pleadings unenforceable? If so, identify each unenforceable agreement and state why it is unenforceable.

☒ 50.6 Is any agreement alleged in the pleadings ambiguous? If so, identify each ambiguous agreement and state why it is ambiguous.

60.0 [Reserved]

*LexisNexis® Automated California Judicial Council Forms*

1  | **CASE NAME:**    **Brown v. State Farm**
   | **ACTION NO.:**    RG07304927

2

**PROOF OF SERVICE**

3

4  I am a citizen of the United States. My business address is 203 Redwood Shores Pkwy., Ste. 480, Redwood Shores, California 94065. I am employed in the County of San Mateo where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

5

6

7  On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

8

9  **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S FORM INTERROGATORIES, SET ONE**

10

11  ☐  (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

12

13  ☒  (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Redwood City, California.

14  ☐  (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

15  ☐  (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

16

17

18  John T. Bell
   LAW OFFICES OF JOHN T. BELL
   610 – 16th Street, Suite 421

19  Oakland, CA 94612
   Telephone: 510.444.4638

20  Facsimile: 510.444.4019

21  **Attorneys for Plaintiff**
   **JAMES BROWN**

22

23  ☒  *(State)*  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

24  Executed on April 18, 2007, at Redwood City, California.

25

26  *Abigail Bowman*
   Abigail Bowman

27

28

# EXHIBIT 5

1  JOHN T. BELL, SBN 209941
   Law Offices of John T. Bell
2  610-16th Street, Suite 421
   Oakland, CA 94612
3  TEL: 510-444-4638
   FAX: 510-444-4019
4
5
6
7
8            SUPERIOR COURT OF THE STATE OF CALIFORNIA
9              COUNTY OF ALAMEDA-UNLIMITED JURISDICTION
10
   JAMES BROWN                          )   Case No. RG07304927
11                                       )
            Plaintiff,                   )   **PLAINTIFF'S RESPONSE TO**
12          vs.                          )   **DEFENDANT'S FORM**
                                         )   **INTERROGATORIES, SET ONE**
13                                       )
   STATE FARM MUTUAL AUTOMOBILE          )
14 INSURANCE COMPANY AND DOES 1          )
   through 25 INCLUSIVE,                 )
15          Defendants.                  )
16                                       )
                                         )
17                                       )
                                         )
18 ─────────────────────────────────────
19      PROPOUNDING PARTY:   DEFENDANT STATE FARM
20      RESPONDING PARTY:    PLAINTIFF JAMES BROWN
21      SET NUMBER:          ONE
22      Pursuant to Section 2030.010 of the California Code of Civil Procedure, Plaintiff James
23 Brown (hereinafter "plaintiff") hereby responds to Defendant State Farm Mutual Automobile
24 Insurance Company's First Set of Form Interrogatories as follows:
25                          **COMMON OBJECTIONS**
26      These Responses are made solely for the purposes of this action, and each Response is
27 subject to all objections as to competence, relevance, materiality, propriety and admissibility, and
28

HAYES, DAVIS, BONINO,
ELLINGSON, McLAY & SCOTT

MAY 21 2007

CALENDARED  7/5-4D to G.
CORR.                    PLDG.
DISC.                    OTHER.

─────────────────────────────────────
                           1

1    any and all other grounds which would require the exclusion of any information contained herein
2    if the Interrogatories were asked at the time of trial.  All objections are therefore reserved and
3    may be interposed at the time of trial.
4        Plaintiff objects to each of the Interrogatories insofar as and to the extent they are
5    overbroad, oppressive and unduly burdensome, vague and ambiguous, duplicative, seek material
6    not relevant to the subject matter or time period involved in the pending litigation, and/or are not
7    reasonably calculated to lead to the discovery of admissible evidence.
8        Plaintiff objects to each of the Interrogatories insofar as and to the extent they seek
9    information protected from disclosure by the attorney-client privilege, the attorney work product
10    doctrine, or any other privilege.
11        Plaintiff objects to each of the Interrogatories insofar as and to the extent they purport to
12    impose on it obligations other than those imposed by the California Code of Civil Procedure
13    section 2030.010.
14        Plaintiff has not completed his investigation of the facts, witnesses, and documents
15    related to this case, and has not completed discovery or preparation for trial.  Therefore, while a
16    good faith effort is being made to respond to the Interrogatories, it may not be possible to make
17    an unqualified Response.  Furthermore, these Responses are necessarily made without prejudice
18    to defendants' right to amend or supplement these Responses in reliance on subsequently
19    discovered facts, witnesses, documents, exhibits and statements.
20

21                        **SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES**

22        Without waiving or limiting in any manner any of the foregoing Common Objections, but
23    rather incorporating them by reference into each of the Responses set forth below, plaintiff
24    responds further to each Interrogatory as follows:
25    \\\
26    \\\
27    \\\
28    \\\

---

2

PLAINTIFF'S RESPONSE TO DEFENDANT'S FORM INTERROGATOIRES, SET ONE

# FORM INTERROGATORIES

## RESPONSE TO FORM INTERROGATORY NO. 1.1:

John T. Bell of the Law Offices of John T. Bell (510) 444-4638 counsel for plaintiff.

## RESPONSE TO FORM INTERROGATORY NO. 2.1:

a.      James Brown

b.      I have only used one name which is stated above; and

c.      None.

## RESPONSE TO FORM INTERROGATORY NO. 2.2:

September 3, 1969; Berkeley, California

## RESPONSE TO FORM INTERROGATORY NO. 2.3:

(a)     California

(b)     C7023129

(c)     1985

(d)     None

## RESPONSE TO FORM INTERROGATORY NO. 2.4:

None

## RESPONSE TO FORM INTERROGATORY NO. 2.5:

(a)     190 Seacrest Circle, Vallejo, CA 94590; (April 05 to the present)

(b)     The Woodchase Apartments, E.14th & San Leandro Blvd., San Leandro, CA;

(April 2002 to April 2005)

## RESPONSE TO FORM INTERROGATORY NO. 2.6:

Alta Bates Hospital, 2850 Ashby Ave; 510-204-4444); From 1995 to the present.

**RESPONSE TO FORM INTERROGATORY NO. 2.7:**

    a.    Berkeley High, Berkeley, California;

    b.    Berkeley (1984-87)

    c.    11th

    d.    None

**RESPONSE TO FORM INTERROGATORY NO. 2.8:**

    (a)    Oakland, CA

    (b)    1995

    (c)    Plaintiff is informed and believes Health and Safety Code 11351.5

    (d)    Alameda County, Case # unknown

**RESPONSE TO FORM INTERROGATORY NO. 2.9:**

    Yes

**RESPONSE TO FORM INTERROGATORY NO. 2.10:**

    Yes

**RESPONSE TO FORM INTERROGATORY NO. 2.11:**

    No

**RESPONSE TO FORM INTERROGATORY NO. 2.12:**

    No

**RESPONSE TO FORM INTERROGATORY NO. 2.13:**

    No

**RESPONSE TO FORM INTERROGATORY 4.1**

State Farm Insurance, policy no.0994048B    The defendant is in possession of all information regarding said policy

**RESPONSE TO FORM INTERROGATORY 4.2**

No

**RESPONSE TO FORM INTERROGATORY NO. 6.1:**

Yes

**RESPONSE TO FORM INTERROGATORY NO. 6.2:**

Physical and emotional injuries: headaches and inability to sleep at night

**RESPONSE TO FORM INTERROGATORY NO. 6.3:**

a.    headaches

b.    Remaining the same

c.    Constant

**RESPONSE TO FORM INTERROGATORY NO. 6.4:**

No

**RESPONSE TO FORM INTERROGATORY NO. 6.5:**

a.    Motrin and Aspirin

b.    Self-prescribed

c.    unknown

d.    Plaintiff does not remember the date he started taking the medication. Plaintiff is

currently taking the medication

e.    unknown

**RESPONSE TO FORM INTERROGATORY NO. 6.6:**

No

**RESPONSE TO FORM INTERROGATORY NO. 6.7:**

No

1 | **RESPONSE TO FORM INTERROGATORY NO. 7.1:**

2     (a)    2004 Harley Davidson Road Kling

3     (b)    The motorcycle was stolen

4
5     (c)    Approximately $42,000.00

6     (d)    The property was stolen

7 | **RESPONSE TO FORM INTERROGATORY NO. 7.2:**

8     (a)    California Motorcycle Specialist; 1759 Le Febvre Way, Pinole, CA 94564; 510-

9            685-1340

10
11     (b)    Law Offices of John T. Bell and defendant

12     (c)    $42,740.00

13 | **RESPONSE TO FORM INTERROGATORY NO. 7.3:**

14     The property was stolen

15 | **RESPONSE TO FORM INTERROGATORY NO. 8.1:**

16     No
17
18 | **RESPONSE TO FORM INTERROGATORY NO. 8.2:**

19     Not Applicable

20 | **RESPONSE TO FORM INTERROGATORY NO. 8.3:**

21     Not Applicable

22 | **RESPONSE TO FORM INTERROGATORY NO. 8.4:**

23
24     Not Applicable

25 | **RESPONSE TO FORM INTERROGATORY NO. 8.5:**

26     Not Applicable

27
28

**RESPONSE TO FORM INTERROGATORY NO. 8.6:**

Not Applicable

**RESPONSE TO FORM INTERROGATORY NO. 8.7:**

Not Applicable

**RESPONSE TO FORM INTERROGATORY NO. 8.8:**

Not Applicable

**RESPONSE TO FORM INTERROGATORY NO. 9.1:**

No

**RESPONSE TO FORM INTERROGATORY NO. 9.2:**

Not Applicable

**RESPONSE TO FORM INTERROGATORY NO. 10.1:**

Plaintiff was not experiencing headaches prior to the incident

**RESPONSE TO FORM INTERROGATORY NO. 10.2:**

None

**RESPONSE TO FORM INTERROGATORY NO. 10.3:**

None

**RESPONSE TO FORM INTERROGATORY NO. 11.1:**

No

**RESPONSE TO FORM INTERROGATORY NO. 11.2:**

No

**RESPONSE TO FORM INTERROGATORY NO. 12.1:**

(a)    Plaintiff

(b)    Same as above

1    (c)    Same as above

2    (d)    None

3    **RESPONSE TO FORM INTERROGATORY NO. 12.2:**

4

5    Plaintiff objects to this Interrogatory on the grounds that it calls for information protected

6    by the work product doctrine and attorney-client communication privilege. (*Nacht & Lewis*

7    *Architects, Inc. v. Superior Court* (1996) 47 Cal.App.4th 214.) Without waiving the foregoing

8    objections: Plaintiff has not interviewed any individuals concerning the incident as alleged in

9    Plaintiff's complaint.

10   **RESPONSE TO FORM INTERROGATORY NO. 12.3:**

11   This interrogatory calls for information protected by the work product doctrine. (*Nacht*

12   *& Lewis Architects, Inc. v. Superior Court* (1996) 47 Cal.App.4th 214.) Without waiving the

13   foregoing objection: None.

14   **RESPONSE TO FORM INTERROGATORY NO. 12.4:**

15   This interrogatory calls for information protected by the work product doctrine. (*Nacht*

16   *& Lewis Architects, Inc. v. Superior Court* (1996) 47 Cal.App.4th 214.) Without waiving the

17   foregoing objection: Without waiving the foregoing objection: Plaintiff is attempting to locate a

18   video of the area where the accident occurred

19   **RESPONSE TO FORM INTERROGATORY NO. 12.5:**

20   Plaintiff objects to this Interrogatory on the grounds that this interrogatory calls for

21   information protected by the attorney client privilege and work product doctrine. (*Nacht &*

22   *Lewis Architects, Inc. v. Superior Court* (1996) 47 Cal.App.4th 214.) Without waiving the

23   foregoing objection: None.

24   **RESPONSE TO FORM INTERROGATORY NO. 12.6:**

25   Plaintiff objects to this Interrogatory on the grounds that this interrogatory calls for

26   information protected by the attorney client privilege and work product doctrine. (*Nacht &*

27   *Lewis Architects, Inc. v. Superior Court* (1996) 47 Cal.App.4th 214.) Without waiving the

28

1  foregoing objection, Plaintiff is informed and believes that he filed a report with the Oakland

2  Police Department

3  **RESPONSE TO FORM INTERROGATORY NO. 12.7:**

4      Plaintiff objects to this Interrogatory on the grounds that it calls for information protected

5  by the attorney client privilege and work product doctrine.  (*Nacht & Lewis Architects, Inc. v.*

6  *Superior Court* (1996) 47 Cal.App.4th 214.)  Without waiving the foregoing objection:  No.

7  **RESPONSE TO FORM INTERROGATORY NO. 50.1:**

8      (a)    The insurance contract; State Farm Insurance Company

9
    (b)    None
10
    (c)    None
11
    (d)    None
12
    (e)    None
13
    (f)    None
14

15  **RESPONSE TO FORM INTERROGATORY NO. 50.2:**

16      The defendant breached the agreement when, among other things, when defendant did

17  not attempt to fairly settle plaintiff's claim, not returning plaintiff's calls regarding the status of

18  his claim, and refusing to timely provide policy benefits.

19  **RESPONSE TO FORM INTERROGATORY NO. 50.3:**

20      Examination Under Oath ("EUO").  Defendant waived its right to an EUO when it failed

21  to request and EUO prior to the filing of plaintiff's civil action.

22  **RESPONSE TO FORM INTERROGATORY NO. 50.4:**

23      No.

24  **RESPONSE TO FORM INTERROGATORY NO. 50.5:**

25      Examination Under Oath ("EUO").  Defendant waived its right to an EUO when it failed

26  to request and EUO prior to the filing of plaintiff's civil action.

27  \\\

28  \\\

PLAINTIFF'S RESPONSE TO DEFENDANT'S FORM INTERROGATOIRES, SET ONE

1  **RESPONSE TO FORM INTERROGATORY NO. 50.6:**

2  No.

3

4  DATES: May 7, 2007                    Law Offices of John T. Bell

5

6

7                                        John T. Bell
                                         Attorney for Plaintiff James Brown
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---
                                    10

1

2    **VERIFICATION**

3

4    I, James Brown, declare:

5    I am the plaintiff in the above-entitled action.  I have read the foregoing Form

6    Interrogatories, Set One, and state that the information contained therein is true and correct,

7    except for those matters stated therein on information and belief, and as to those matters, I

8

9    believe them to be true.

10    I declare under penalty of perjury that the foregoing is true and correct.

11    Executed in Vallejo, CA, on the date listed below.

12

13

14    Dated: _5·7-07___                        Signed: _James Brown_____
                                                        James Brown
15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CASE NAME:**  **Brown v. State Farm Insurance**
**ACTION NO.:**  RG07334927

## PROOF OF SERVICE

I am a citizen of the United States. My business address is $610 - 16^{TH}$ St., Ste. 421, Oakland, CA 94612. I am employed in the County of Alameda where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as: **PLAINTIFF'S RESPONSE TO DEFENDANT'S FORM INTERROGATORIES SET ONE**

_____ (BY Personal Delivery') by personally delivering true copies to said person at the following address:

___✓___ (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be place in the United States mail at Oakland, California to said person at the following address:
                    Stephen M. Ellingson, Esq
                    Hayes Davis Bonino Ellingson McLay & Scott, LLP
                    203 Redwood Shore Pkwy., Suite 480
                    Redwood City, CA 94065

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 15, 2007 at Oakland, California.

Felicia F. Jones

PROOF OF SERVICE

# EXHIBIT 6

1 | STEPHEN M. HAYES (SBN 83583)
STEPHEN P. ELLINGSON (SBN 136505)
2 | JAMIE A. RADACK (SBN 221000)
**HAYES DAVIS BONINO ELLINGSON McLAY & SCOTT, LLP**
3 | 203 Redwood Shores Pkwy., Suite 480
Redwood City, CA 94065
4 | Telephone:  650.637-9100
Facsimile:  650.637-8071
5
Attorney for Defendant
6 | STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF ALAMEDA – UNLIMITED JURISDICTION

10 | JAMES BROWN, | CASE NO.  RG07304927

11 | Plaintiff, |
**STATE FARM MUTUAL AUTOMOBILE**
12 | v. | **INSURANCE COMPANY'S SPECIAL**
**INTERROGATORIES TO PLAINTIFF,**
13 | | **SET ONE**

14 | STATE FARM GENERAL INSURANCE
COMPANY; and DOES 1 through 25, inclusive,
15
Defendants.
16

17 | PROPOUNDING PARTY:    Defendant STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY
18

19 | RESPONDING PARTY:    Plaintiff JAMES BROWN

20 | SET NUMBER:    One

21 | **INSTRUCTIONS**

22 | Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY requests

23 | that responding party answer the following interrogatories under oath within thirty (30) days from

24 | the date of service pursuant to California Code of Civil Procedure §2030.260.

25 | In answering these interrogatories you must furnish all information known or available to

26 | you regardless of whether this information is possessed directly by you, by your agents, employees,

27 | representatives or investigators.

28 | Each of your answers must be as complete and straightforward as the information

130887    -1-

STATE FARM'S SPECIAL INTERROGATORIES TO PLAINTIFF, SET ONE - Case No. RG07304927

1  reasonably available to you permits. If you cannot answer an interrogatory in full after exercising

2  due diligence to secure the information to do so, so state, and answer to the fullest extent possible,

3  specifying the reasons for your inability to completely respond and stating whatever information,

4  knowledge or relief you have concerning the unanswered portion.

5       If you do not have enough personal knowledge to fully answer an interrogatory, say so, but

6  make a reasonable and good faith effort to get the information by asking other persons or

7  organizations, unless the information is equally available to Propounding Party.

8       Whenever an interrogatory may be answered by referring to a document, the document may

9  be attached as an exhibit to the response and referred to in the response. If the document has more

10  than one page, refer to the page and section where the answer to the interrogatory can be found.

11                                    **DEFINITIONS**

12       PERSON:      Refers to the plural as well as the singular, means any natural person, firm,

13  association, partnership, corporation, public entity, or any other form of legal entity or governmental

14  body unless the context indicates otherwise.

15       DOCUMENTS:      As defined in Evidence Code §250, and includes the original, copy or

16  electronic storage of handwriting, typewriting, printing, photostating, photographing, and every

17  other means of recording upon any tangible thing and form of communicating or representation,

18  including, letters, words, pictures, sounds, or symbols, or combinations of them.

19       IDENTIFY:

20       A.      When used in reference to a natural PERSON, means to state such

21               person's full name, last-known home and business address, last-

22               known business affiliation, employer, and position therewith, and the

23               latest date that such information was true, to your knowledge;

24       B.      When used in reference to a business, firm, partnership, joint venture,

25               company or corporation, means to state, to the extent known, its full

26               name, state of incorporation or creation, address of its principal place

27               of business, and its principal activities or products;

28       C.      When used in reference to DOCUMENTS or WRITINGS, means to

130887                              -2-

describe specifically the document, including a description of its type (e.g., letter, memorandum, telegram, chart, etc.), and to state its date, author, addressee, title, file identification number or symbol, and to identify the present location and the name and address of the present custodian of such document. If any such document is no longer in your possession or subject to your control, state what disposition was made of it and the date of such disposition, identifying the person having knowledge of its content.

YOU or YOUR:    Plaintiff JAMES BROWN, YOUR agents, YOUR employees, YOUR attorneys, YOUR accountants, YOUR investigators, and anyone else acting on YOUR behalf.

STATE FARM:    Means defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

DESCRIBE:    Means to state in full and complete detail the facts and circumstances of the thing, act or incident as well as dates occurred and individuals involved.

## SPECIAL INTERROGATORIES

**SPECIAL INTERROGATORY NO. 1:**

State each and every fact on which YOU base YOUR contention that STATE FARM is liable to YOU for breach of contract.

**SPECIAL INTERROGATORY NO. 2:**

IDENTIFY each and every PERSON who has any knowledge of any of the facts that refer, relate or pertain to YOUR contention that STATE FARM is liable to YOU for breach of contract.

**SPECIAL INTERROGATORY NO. 3:**

IDENTIFY each and every DOCUMENT that refers, relates or pertains to any of the facts on which YOU base YOUR contention that STATE FARM is liable to YOU for breach of contract.

**SPECIAL INTERROGATORY NO. 4:**

State the amount of damages for which YOU contend STATE FARM is liable to YOU arising from STATE FARM's alleged breach of contract.

**SPECIAL INTERROGATORY NO. 5:**

State each and every fact on which YOU base YOUR contention that STATE FARM is liable to YOU for breach of the covenant of good faith and fair dealing.

**SPECIAL INTERROGATORY NO. 6:**

IDENTIFY each and every PERSON who has any knowledge of any of the facts that refer, relate or pertain to YOUR contention that STATE FARM is liable to YOU for breach of the covenant of good faith and fair dealing.

**SPECIAL INTERROGATORY NO. 7:**

IDENTIFY each and every DOCUMENT that refers, relates or pertains to any of the facts on which YOU base YOUR contention that STATE FARM is liable to YOU for breach of the covenant of good faith and fair dealing.

**SPECIAL INTERROGATORY NO. 8:**

DESCRIBE in full and complete detail any symptoms of emotional distress which YOU claim were caused by STATE FARM's alleged breach of the implied covenant of good faith and fair dealing.

**SPECIAL INTERROGATORY NO. 9:**

State the amount of damages for which YOU contend STATE FARM is liable to YOU arising from STATE FARM's alleged breach of the implied covenant of good faith and fair dealing, including, but not limited to, damages arising from any claimed emotional distress.

**SPECIAL INTERROGATORY NO. 10:**

State each and every fact on which YOU base YOUR contention that STATE FARM is liable to YOU for punitive damages.

**SPECIAL INTERROGATORY NO. 11:**

IDENTIFY each and every PERSON who has any knowledge of any of the facts that refer, relate or pertain to YOUR contention that STATE FARM is liable to YOU for punitive damages.

**SPECIAL INTERROGATORY NO. 12:**

IDENTIFY each and every DOCUMENT that refers, relates or pertains to any of the facts on which YOU base YOUR contention that STATE FARM is liable to YOU for punitive damages.

1    **SPECIAL INTERROGATORY NO. 13:**

2          State the amount of punitive damages for which YOU contend STATE FARM is liable to

3    YOU.

4    Dated: April 18, 2007                    HAYES DAVIS BONINO ELLINGSON
                                              McLAY & SCOTT, LLP
5

6

7                                            By
8                                               STEPHEN M. HAYES
                                               STEPHEN P. ELLINGSON
9                                               JAMIE A. RADACK
                                               Attorneys for Defendant
10                                              STATE FARM MUTUAL AUTOMOBILE
                                               INSURANCE COMPANY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

130887                              -5-

1    **CASE NAME:**    Brown v. State Farm
     **ACTION NO.:**    RG07304927

2                              PROOF OF SERVICE

3        I am a citizen of the United States. My business address is 203 Redwood Shores Pkwy., Ste.
4    480, Redwood Shores, California 94065. I am employed in the County of San Mateo where this
     service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily
5    familiar with my employer's normal business practice for collection and processing of
     correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is
6    deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course
     of business.

7        On the date set forth below, following ordinary business practice, I served a true copy of the
8    foregoing document(s) described as:

9    STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S SPECIAL
                INTERROGATORIES TO PLAINTIFF, SET ONE
10

11   ☐    (BY FAX) by transmitting via facsimile the document(s) listed above to the fax
          number(s) set forth below, or as stated on the attached service list, on this date
12        before 5:00 p.m.

13   ☒    (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be
          placed in the United States mail at Redwood City, California.

14   ☐    (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand
          this date to the offices of the addressee(s).

15   ☐    (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an
          overnight delivery carrier with delivery fees provided for, addressed to the
16        person(s) on whom it is to be served.

17                    John T. Bell
18                    LAW OFFICES OF JOHN T. BELL
                      610 – 16th Street, Suite 421
19                    Oakland, CA 94612
                      Telephone: 510.444.4638
20                    Facsimile: 510.444.4019

21                    **Attorneys for Plaintiff**
                      **JAMES BROWN**

22   ☒    *(State)* I declare under penalty of perjury under the laws of the State of California
23        that the above is true and correct.

24        Executed on April 18, 2007, at Redwood City, California.

25

26                                        Abigail Bowman

27

28

# EXHIBIT 7

JOHN T. BELL, SBN 209941
Law Offices of John T. Bell
610-16th Street, Suite 421
Oakland, CA 94612
TEL: 510-444-4638
FAX: 510-444-4019

HAYES, DAVIS, BONINO,
ELLINGSON, McLAY & SCOTT

MAY 21 2007

CALENDARED 715-40 tnGG, MTC
CORR_____PLDG_____
DISC_____OTHER_____

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF ALAMEDA-UNLIMITED JURISDICTION

JAMES BROWN )   Case No. RG07304927
                      )
        Plaintiff,    )   **PLAINTIFF'S RESPONSE TO**
    vs.               )   **DEFENDANT'S SPECIAL**
                      )   **INTERROGATORIES, SET ONE**
STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY AND DOES 1 )
through 25 INCLUSIVE,        )
        Defendants.   )
                      )
                      )
                      )
                      )

PROPOUNDING PARTY:   DEFENDANT STATE FARM

RESPONDING PARTY:   PLAINTIFF JAMES BROWN

SET NUMBER:   ONE

Pursuant to Section 2030.010 of the California Code of Civil Procedure, Plaintiff James

Brown (hereinafter "plaintiff") hereby responds to Defendant State Farm Mutual Automobile

Insurance Company First Set of Special Interrogatories as follows:

## COMMON OBJECTIONS

These Responses are made solely for the purposes of this action, and each Response is

subject to all objections as to competence, relevance, materiality, propriety and admissibility, and

---
1

PLAINTIFF'S RESPONSE TO DEFENDANT'S SPECIAL INTERROGATOIRES, SET ONE

1    any and all other grounds which would require the exclusion of any information contained herein
2    if the Interrogatories were asked at the time of trial. All objections are therefore reserved and
3    may be interposed at the time of trial.
4
5         Plaintiff objects to each of the Interrogatories insofar as and to the extent they are
6    overbroad, oppressive and unduly burdensome, vague and ambiguous, duplicative, seek material
7    not relevant to the subject matter or time period involved in the pending litigation, and/or are not
8    reasonably calculated to lead to the discovery of admissible evidence.
9         Plaintiff objects to each of the Interrogatories insofar as and to the extent they seek
10   information protected from disclosure by the attorney-client privilege, the attorney work product
11   doctrine, or any other privilege.
12        Plaintiff objects to each of the Interrogatories insofar as and to the extent they purport to
13   impose on it obligations other than those imposed by the California Code of Civil Procedure
14   section 2030.010.
15        Plaintiff has not completed his investigation of the facts, witnesses, and documents
16   related to this case, and has not completed discovery or preparation for trial. Therefore, while a
17   good faith effort is being made to respond to the Interrogatories, it may not be possible to make
18   an unqualified Response. Furthermore, these Responses are necessarily made without prejudice
19   to defendants' right to amend or supplement these Responses in reliance on subsequently
20   discovered facts, witnesses, documents, exhibits and statements.
21        **SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES**
22        Without waiving or limiting in any manner any of the foregoing Common Objections, but
23   rather incorporating them by reference into each of the Responses set forth below, plaintiff
24   responds further to each Interrogatory as follows:
25   \\\
26   \\\
27   \\\
28   \\\

1

## SPECIAL INTERROGATORIES

2

3    ### RESPONSE TO SPECIAL INTERROGATORY NO. 1

4

5    The defendant breached the agreement when, among other things, when defendant did

6    not attempt to fairly settle plaintiff's claim, not returning plaintiff's calls regarding the status of

7    his claim, and refusing to timely provide policy benefits.

8

9    ### RESPONSE TO SPECIAL INTERROGATORY NO. 2:

10    Plaintiff and Defendant.

11    ### RESPONSE TO SPECIAL INTERROGATORY NO.3:

12    The insurance contract and there may be other documents produced during the discovery

13    process.

14    ### RESPONSE TO SPECIAL INTERROGATORY NO. 4:

15

16    In excess of $25,000.00

17    ### RESPONSE TO SPECIAL INTERROGATORY NO. 5:

18    The defendant breached the covenant of good faith and fair dealing when, among other

19    things, it unreasonably and in bad faith filed to make a full and air settlement of plaintiff's .

20    claims, misrepresented to plaintiff pertinent facts related to insurance coverage and made no

21    attempts to settle plaintiff claim under the insurance policy, failed to reasonably and promptly

22    investigate, adjust and process plaintiff's insurance claim, never attempted in good faith to

23    effectuate a prompt, fair and equitable settlement of plaintiff's claim, refused to place the

24    financial interest of plaintiff on an equal par with its own financial interest, and intentionally and

25    willfully deprived plaintiff of insurance benefits  which plaintiff was entitled to under the

26    insurance policy.

27

28

1
2  **RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

3      Plaintiff and Defendant.

4  **RESPONSE TO SPECIAL INTERROGATORY NO. 7:**
5
6      The insurance contract and there may be other documents produced during the discovery
7  process.

8  **RESPONSE TO SPECIAL INTERROGATORY NO. 8:**
9      Headaches and inability to sleep at night.
10
11  **RESPONSE TO FORM INTERROGATORY NO. 9:**

12      In excess of $25,000.00.

13
14  **RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

15      The defendant is liable for punitive damages because among other things, it unreasonably
16  and in bad faith filed to make a full and air settlement of plaintiff's claims, misrepresented to
17  plaintiff pertinent facts related to insurance coverage and made no attempts to settle plaintiff
18  claim under the insurance policy, failed to reasonably and promptly investigate, adjust and
19  process plaintiff's insurance claim, never attempted in good faith to effectuate a prompt, fair and
20  equitable settlement of plaintiff's claim, refused to place the financial interest of plaintiff on an
21  equal par with its own financial interest, and intentionally and willfully deprived plaintiff of
22  insurance benefits which plaintiff was entitled to under the insurance policy.
23
24  **RESPONSE TO SPECIAL INTERROGATORY NO. 11:**
25      Plaintiff and Defendant.
26
27  \\\
28

---

4

PLAINTIFF'S RESPONSE TO DEFENDANT'S SPECIAL INTERROGATOIRES, SET ONE

1

## RESPONSE TO SPECIAL INTERROGATORY NO. 12:

2

The insurance contract; however there may be other documents that will be produced

3

during the discovery process.

4

## RESPONSE TO FORM INTERROGATORY NO. 13:

5

6

At this point, the amount of punitive damages has not yet been determined by the

7

plaintiff, because plaintiff has not conducted discovery regarding defendant's financial status.

8

9    DATES: May 7, 2007                    Law Offices of John T. Bell

10

11

12                                         John T. Bell
                                           Attorney for Plaintiff James Brown
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## VERIFICATION

I, James Brown. declare.

I am the plaintiff in the above-entitled action. I have read the foregoing Special Interrogatories, Set One, and state that the information contained therein is true and correct, except for those matters stated therein on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Vallejo. CA. on the date listed below.

Dated: 5 · 2 · 07

Signed: _James Brown_
James Brown

1  | CASE NAME:     **Brown v. State Farm Insurance**
2  | ACTION NO.:    **RG07334927**

3

## PROOF OF SERVICE

4

5      I am a citizen of the United States.  My business address is $610 – 16^{TH}$ St., Ste.
421.Oakland, CA 94612.  I am employed in the County of Alameda where this service occurs. I
6  am over the age of 18 years, and not a party to the within cause.  I am readily familiar with my
employer's normal business practice for collection and processing of correspondence for mailing
7  with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S.
Postal Service the same day of collection in the ordinary course of business.
8

9
On the date set forth below, following ordinary business practice, I served a true copy of the
10 foregoing document(s) described as: **PLAINTIFF'S RESPONSE TO DEFENDANT'S
SPECIAL INTERROGATORIES, SET ONE**
11

12     _____(BY Personal Delivery) by personally delivering true copies to said person at the
following address:
13

14     \_\_\_\_\_✓(BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be place in
the United States mail at Oakland, California to said person at the following address:
15                 Stephen M. Ellingson, Esq
                Hayes Davis Bonino Ellingson McLay & Scott, LLP
16                 203 Redwood Shore Pkwy., Suite 480
                Redwood City, CA 94065
17

18     I declare under penalty of perjury under the laws of the State of California that the above
is true and correct.
19
Executed on May 15, 2007 at Oakland, California.
20

21                                   Felicia E. Jones

22

23

24

25

26

27

28

# EXHIBIT 8

1  STEPHEN M. HAYES (SBN 83583)
   STEPHEN P. ELLINGSON (SBN 136505)
2  JAMIE A. RADACK (SBN 221000)
   **HAYES DAVIS BONINO ELLINGSON McLAY & SCOTT, LLP**
3  203 Redwood Shores Pkwy., Suite 480
   Redwood City, CA 94065
4  Telephone:  650.637-9100
   Facsimile:  650.637-8071
5
   Attorney for Defendant
6  STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            COUNTY OF ALAMEDA – UNLIMITED JURISDICTION

10 JAMES BROWN,                              CASE NO. RG07304927

11            Plaintiff,
                                             **STATE FARM MUTUAL AUTOMOBILE**
12      v.                                   **INSURANCE COMPANY'S REQUEST**
                                             **FOR STATEMENT OF DAMAGES TO**
13                                           **PLAINTIFF**

14 STATE FARM GENERAL INSURANCE
   COMPANY; and DOES 1 through 25, inclusive,
15
              Defendants.
16

17

18 **TO PLAINTIFF JAMES BROWN AND TO HIS ATTORNEYS OF RECORD:**

19      Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State

20 Farm"), pursuant to Code of Civil Procedure section 425.11, hereby request that plaintiff JAMES

21 BROWN, set forth his statement of damages, item by item, including but not limited to each of the

22 following:

23      1.    Hospital expenses and bills, if any;

24      2.    Doctor, nurse, therapist or other medical practitioner expenses and bills, if any;

25      3.    Wage or income loss, if any;

26      4.    Diminution of earning capacity, if any;

27      5.    Real property damage, if any;

28      6.    Personal property damage, if any;

130898                          -1-

1        7.     General damages, including but not limited to pain and suffering, humiliation,

2    embarrassment, loss of comfort, society, protection and support, disfigurement, etc.;

3        8.     Economic damages; and

4        9.     Special damages.

5        Pursuant to Code of Civil Procedure section 425.11, it is requested that response be made to

6    the undersigned within fifteen (15) days of service hereof.

7    Dated:  April 18, 2007          HAYES DAVIS BONINO ELLINGSON
8                       McLAY & SCOTT, LLP

9

10                 By_____

11                    STEPHEN M. HAYES
                   STEPHEN P. ELLINGSON
12                    JAMIE A. RADACK
                   Attorneys for Defendant
13                    STATE FARM MUTUAL AUTOMOBILE
                   INSURANCE COMPANY

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

130898                     -2-

1  **CASE NAME:**  **Brown v. State Farm**
   **ACTION NO.:**  RG07304927

2

3  ### PROOF OF SERVICE

   I am a citizen of the United States. My business address is 203 Redwood Shores Pkwy., Ste.
4  480, Redwood Shores, California 94065. I am employed in the County of San Mateo where this
   service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily
5  familiar with my employer's normal business practice for collection and processing of
   correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is
6  deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course
   of business.

7
   On the date set forth below, following ordinary business practice, I served a true copy of the
8  foregoing document(s) described as:

9  ### STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S REQUEST
   ### FOR STATEMENT OF DAMAGES TO PLAINTIFF

10

11  ☐  (BY FAX) by transmitting via facsimile the document(s) listed above to the fax
       number(s) set forth below, or as stated on the attached service list, on this date
12      before 5:00 p.m.

13  ☒  (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be
       placed in the United States mail at Redwood City, California.

14  ☐  (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand
       this date to the offices of the addressee(s).

15  ☐  (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an
16      overnight delivery carrier with delivery fees provided for, addressed to the
       person(s) on whom it is to be served.

17
                John T. Bell
18              LAW OFFICES OF JOHN T. BELL
                610 – 16th Street, Suite 421
19              Oakland, CA 94612
                Telephone: 510.444.4638
20              Facsimile: 510.444.4019

21              **Attorneys for Plaintiff**
                **JAMES BROWN**

22

23  ☒  *(State)* I declare under penalty of perjury under the laws of the State of California
       that the above is true and correct.

24  Executed on April 18, 2007, at Redwood City, California.

25

26                                                    Abigail Bowman

27

28

# EXHIBIT 9

JOHN T. BELL, SBN 209941
Law Offices of John T. Bell
610-16th Street, Suite 421
Oakland, CA 94612
TEL: 510-444-4638
FAX: 510-444-4019

HAYES, DAVIS, BONINO,
ELLINGSON, McLAY & SCOTT

MAY 21 2007

CALENDARED_____
CORR._____ PLDG_____
DISC._____ OTHER_____

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF ALAMEDA-UNLIMITED JURISDICTION

JAMES BROWN )    Case No. RG07304927
                            )
          Plaintiff,        )    **PLAINTIFF'S RESPONSE TO**
     vs.                    )    **DEFENDANT'S REQUEST FOR**
                            )    **STATEMENT OF DAMAGES**
STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY AND DOES 1 )
through 25 INCLUSIVE,       )
          Defendants.       )
                            )
                            )
                            )
                            )

TO DEFENDANT AND ITS ATTORNEY OF RECORD

Pursuant to Code of Civil Procedure section 425.11, plaintiff responds to defendant's request as

follows:

Plaintiff has not completed his investigation of the facts, witnesses, and a document

related to this case, and has not completed discovery or preparation for trial. Therefore, while a

good faith effort is being made to respond to this request, it may not be possible to make an

unqualified Response. Furthermore, these Responses are necessarily made without prejudice to

plaintiff's' right to amend or supplement these Responses in reliance on subsequently discovered

facts, witnesses, documents, exhibits and statements.

1

2    1.    NONE;

3    2.    NONE;

4    3.    NONE;

5

6    4.    NONE;

7    5.    NONE

8    6.    Appx. $42,000.00;

9    7.    in excess of $25,000.00

10    8.    undetermined; and

11    9.    undetermined

12

13    DATED: May 14, 2007          LAW OFFICES OF JOHN T. BELL

14

15

16                        JOHN T. BELL

                            Attorney for Plaintiff James Brown

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR STATEMENT OF DAMAGES

1
2                          **VERIFICATION**
3
4        I, James Brown, declare:
5        I am the plaintiff in the above-entitled action. I have read the foregoing Request For
6    Statement of Damages and state that the information contained therein is true and correct, except
7    for those matters stated therein on information and belief, and as to those matters, I believe them
8
9    to be true.
10       I declare under penalty of perjury that the foregoing is true and correct.
11       Executed in Vallejo, CA, on the date listed below.
12
13
14   Dated: _5-7-07_                         Signed: _James Brown_
15                                                   James Brown
16
17
18
19
20
21
22
23
24
25
26
27
28

1  **CASE NAME:**    Brown v. State Farm Insurance
   **ACTION NO.:**    RG07334927
2

3  ## PROOF OF SERVICE

4
   I am a citizen of the United States.  My business address is $610 - 16^{TH}$ St., Ste.
5  421,Oakland, CA 94612.  I am employed in the County of Alameda where this service occurs.  I
6  am over the age of 18 years, and not a party to the within cause.  I am readily familiar with my
   employer's normal business practice for collection and processing of correspondence for mailing
7  with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S.
   Postal Service the same day of collection in the ordinary course of business.
8

9  On the date set forth below, following ordinary business practice, I served a true copy of the
10 foregoing document(s) described as: **PLAINTIFF'S RESPONSE TO DEFENDANT'S
   REQUEST FOR  STATEMENT OF DAMAGES**
11
       _____(BY Personal Delivery) by personally delivering true copies to said person at the
12     following address:

13     __✓__(BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be place in
14     the United States mail at Oakland, California to said person at the following address:
                   Stephen M. Ellingson, Esq
15                 Hayes Davis Bonino Ellingson McLay & Scott, LLP
                   203 Redwood Shore Pkwy., Suite 480
16                 Redwood City, CA 94065

17
       I declare under penalty of perjury under the laws of the State of California that the above
18 is true and correct.

19 Executed on May 18, 2007 at Oakland, California.
20
21                                              Felicia E. Jones
22

23

24

25

26

27

28

**CASE NAME:**    **Brown v. State Farm**
**ACTION NO.:**

## PROOF OF SERVICE

I am a citizen of the United States. My business address is 203 Redwood Shores Pkwy., Ste. 480, Redwood Shores, California 94065. I am employed in the County of San Mateo where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332 AND 1441(a) [DIVERSITY JURISDICTION]; DEMAND FOR JURY TRIAL**

☒    (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒    (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Redwood City, California.

☐    (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

☐    (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

> John T. Bell
> LAW OFFICES OF JOHN T. BELL
> 610 – 16th Street, Suite 421
> Oakland, CA 94612
> Telephone: 510.444.4638
> Facsimile: 510.444.4019
>
> **Attorneys for Plaintiff**
> **JAMES BROWN**

☒    *(Federal)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 23, 2007, at Redwood City, California.

Abigail Bowman