STEPHEN M. HAYES (SBN 83583)
shayes@hayesdavis.com
STEPHEN P. ELLINGSON (SBN 136505)
sellingson@hayesdavis.com
JAMIE A. RADACK (SBN 221000)
jradack@hayesdavis.com
**HAYES DAVIS BONINO ELLINGSON McLAY & SCOTT, LLP**
203 Redwood Shores Pkwy., Suite 480
Redwood City, CA 94065
Telephone: 650.637-9100
Facsimile: 650.637-8071

Attorney for Defendant
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; and DOES 1 through 25, inclusive,<br><br>    Defendants. | CASE NO. C07-02743 PJH<br><br>**JOINT FRCP 26 CASE MANAGEMENT STATEMENT** |

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16-9 the parties to the above-entitled action respectfully submit their Joint Case Management Conference Statement and Rule 26(f) report.

**I.
JURISDICTION**

This Court has original jurisdiction over all plaintiff's claims under 28 U.S.C. §§1332 and 1441(a). Defendant has no counterclaims. The suit arises between citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs. All the parties are subject to the court's jurisdiction and there are no parties that remain to be served.

**II.
FACTS OF THE CASE**

The Complaint filed by plaintiff James Brown alleges two causes of action against State Farm Mutual Automobile Insurance Company, including breach of contract and breach of the

covenant of good faith and fair dealing. State Farm was the automobile insurer of plaintiff under policy 0994-848-05. The policy included coverage for vehicle theft with certain conditions and exclusions.

Plaintiff contends that in or about February 2006, he purchased a 2004 Harley Davidson motorcycle for approximately $39,000. On or about May 3, 2006, the motorcycle was allegedly stolen from a friend's house in Oakland where it was parked. Plaintiff filed a police report and a claim with State Farm on May 5, 2006. To date, no arrest has been made and the motorcycle has not been found. State Farm's investigation of plaintiff's claim is ongoing.

On January 5, 2007, plaintiff filed a Complaint in the Alameda Superior Court. State Farm removed the matter to the United State District Court on August 7, 2007.

## III.
## PRINCIPAL LEGAL AND FACTUAL ISSUES

A. **Disputed Legal Issues**

1. Whether State Farm has reasonably investigated plaintiff's theft claim;

2. Whether State Farm reasonably evaluated plaintiff's theft claim;

3. Whether resolution of plaintiff's claim has been unreasonably delayed.

B. **Disputed Factual Issues**

1. Whether State Farm breached the insurance contract;

2. Whether State Farm breached the implied covenant of good faith and fair dealing;

2. Whether State Farm engaged in malice, fraud or oppression as required to support a claim for punitive damages.

## IV.
## NARROWING OF ISSUES

The parties anticipate the ability to stipulate to the policy terms and basic facts of the underlying claim.

## V.
## MOTIONS

State Farm anticipates filing a motion for summary judgment or a motion for summary

adjudication of issues.

## VI.
## DISCOVERY

The parties anticipate propounding written discovery within limits proscribed by the Federal Rules of Civil Procedure including Interrogatories, Document Requests, and Request for Admissions. Pursuant to Fed. R. Civ. P. 26(a)(1) the parties have stipulated that they will exchange initial disclosures on or before September 14, 2007.

Thus far, plaintiff has responded to State Farm's contention interrogatories and has promised to produce requested documents. Plaintiff served form interrogatories and request for production of documents pursuant to California Code of Civil Procedure and State Farm has explained that it will respond to plaintiff's interrogatories if they are re-served pursuant to the Federal Rules of Civil Procedure. State Farm will also respond to plaintiff's request for production of documents at that time. The parties also anticipate noticing depositions.

The parties do not propose any changes to the limitations on discovery provided by the Federal Rules of Civil Procedure or the local rules of the District Court. The parties do not anticipate the need to bifurcate the idea of phasing or bifurcation of discovery.

## VII.
## CONFIDENTIALITY

State Farm anticipates the need for a protective order related to certain document discovery regarding claim policy and procedures. The parties do not anticipate the need to file any documents under seal.

## VIII.
## RELIEF

Plaintiff prays for compensatory damages for alleged breach of contract, general and compensatory damages, costs of suit and punitive damages.

State Farm takes the position plaintiff is entitled to no such relief.

## IX.
## ADR

The parties agree to submit this matter to Early Neutral Evaluation.

## X.
## SETTLEMENT

The parties have not had substantive settlement discussions since the filing of the Complaint.

## XI.
## MAGISTRATE JUDGE TRIALS

The parties do not consent for this matter to be heard by a Magistrate Judge.

## XII.
## TRIAL

The parties request that this case be tried by a jury. State Farm will move to bifurcate the issue of punitive damages at trial. The parties anticipate the length of trial to be 8-10 days. The parties will explore the potential to reduce the length of trial, by stipulation, use of summaries or statements, or other expedited means of presenting evidence.

## XIII.
## RELATED ACTIONS

There are no related cases pending in this Court.

## XIV.
## CLASS ACTION

This case is not a class action thus there is no class for certification

## XV.
## SCHEDULING

The parties propose the following Case Management Schedule:

1. Deadline for completion of the ADR process:     August 15, 2008
2. Deadline to complete non-expert discovery:      September 1, 2008
3. Deadline for hearing dispositive motions:       October 1, 2008
4. Disclosure of experts:                          November 15, 2008
5. Deadline to complete expert discovery:          December 18, 2008

144317

-4-

JOINT CASE MANAGEMENT STATEMENT – CASE NO. 07-02743 PJH

6. Pretrial Conference:  February 5, 2009

8. Trial:  February 19, 2009

## XVI.
## ADDITIONAL MATTERS

There are currently no additional issues the parties consider conducive to the just speedy and inexpensive resolution of this matter.

## XVII.
## DISQUALIFICATION OR RECUSAL

The parties are not currently aware of any other entities that require disclosure to the Court other than the parties themselves which are known to have either: 1) a financial interest in the subject matter at issue or in a party to the proceeding; or 2) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Dated: 8/28, 2007

HAYES DAVIS BONINO ELLINGSON
McLAY & SCOTT, LLP

By_____
STEPHEN M. HAYES
STEPHEN P. ELLINGSON
JAMIE A. RADACK
Attorneys for Defendant
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

Dated: August 15, 2007

LAW OFFICES OF JOHN T. BELL

By_____
JOHN T. BELL
Attorneys for Plaintiff
JAMES BROWN

## XVIII.
## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order are hereby adopted by the Court as the Case Management Order for the case and the parties are hereby ordered to comply with this Order.

Dated: _____, 2007

PHYLLIS J. HAMILTON
UNITED STATES DISTRICT COURT JUDGE